ORIGINAL

FILED
NOV 1 9 2007
U.S. COURT OF FEDERAL CLAIMS

RICHARD L. ZUCKER, ESQ.
LASSER HOCHMAN, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700
Attorneys for Plaintiff Metrotop Plaza Associates

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

METROTOP PLAZA ASSOCIATES,

Plaintiff,

-vs-

No. 07-811 C

UNITED STATES OF AMERICA,

Defendant.

**COMPLAINT**

Plaintiff Metrotop Plaza Associates (hereinafter "Metrotop"), a New Jersey general partnership, complains of defendant United States of America (hereinafter "the Government") and says:

JURISDICTION

1. The within action involves a claim against the United States founded upon an express contract with the United States, and this court has jurisdiction to render judgment upon the claim pursuant to 28 U.S.C. §1491(a)(1).

2. The within action also involves a claim by, and a dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, and this court has jurisdiction to render judgment upon the claim pursuant to 28 U.S.C. §1491(a)(2).

CLAIM FOR RELIEF

3. On or about August 23, 2000, Metrotop and the Government entered into a Lease for Real Property (hereinafter "LRP") with respect to approximately 10,688 BOMA rentable square feet of office space located on part of the first floor of the premises known and designated as 111 Wood Avenue South, Iselin, New Jersey, together with 40 on-site parking spaces, to be used for office and related uses. The LRP was designated as Lease No. GS-02B-23116 in Building No. NJ4600ZZ.

4. Paragraph 3.3(e) on page 8 of the LRP provides, in relevant part, as follows:

> The Government shall make a single lump sum payment to the Lessor for its share of any increase in real estate taxes during the lease term over the amount established as the base year taxes * * *. The amount of lump sum payment * * * shall be based upon evidence of valuation and payment submitted by the Lessor to the Contracting Officer in accordance with paragraph (d).
>
> (1) In the event of an increase in taxes over the base year, the Lessor shall submit a proper invoice of the tax adjustment including the calculation thereof together with evidence of payment to the Contracting Officer. The Government shall be responsible for payment of any tax increase over the base year taxes only if proper invoice and evidence of payment is submitted by the Lessor within sixty (60) calendar days after the date the tax payment is due from the Lessor to the taxing authority. The due date for making payment shall be the thirtieth (30th) calendar day after the anniversary date of this lease, whichever is later.

5. According to paragraph 3.3(b) on page 7 of the LRP, the base year taxes "are the real estate taxes for the first twelve (12) month period coincident with full assessment." In this case, the base year taxes were the real estate taxes assessed against the building and lot upon which the building is located for calendar year 2001, namely, $213,720.00.

6. Pursuant to and in accordance with paragraph 3.3(e) on page 8 of the LPR, Metrotop invoiced the Government $2,087.72 and $18,582.58 for tax increases for 2002 and 2003, respectively, over the base year, and the Government paid the $2,087.72 and the $18,582.58 to Metrotop.

7. By letter dated July 27, 2006, a copy of which is attached hereto as Exhibit A, the Government advised Metrotop that "the base year which we used to calculate the real estate tax escalations were incorrect" and that the $2,087.72 and the $18,582.58 were "paid * * * in error."

8. By letter dated September 1, 2006, a copy of which is attached hereto as Exhibit B, the Government wrote to Metrotop and again took the position that "[t]he Government paid you in error for real estate tax escalations for tax years 2002 and 2003 in the sum of $20,670.30." The letter continued:

> This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

9. Thereafter, the Government took a credit in the amount of $20,670.30 against future

moneys that it owed to Metrotop.

10. By letter dated July 26, 2007, a copy of which is attached hereto as Exhibit C, the Government extended to December 5, 2007 the time for Metrotop "to appeal the contracting officer's decision of Evanthia Campione dated September 1, 2006 * * * without any additional action or writing by [Metrotop]."

11. There is no factual or legal basis for the Government's position that the base year taxes under the LRP were anything other than $213,720.00.

12. There is no factual or legal basis for the Government's position that it overpaid $20,670.30 on account of the 2002 and 2003 real estate tax escalations, and, as a result, the Government was not entitled to take a credit against future moneys that it owed to Metrotop.

WHEREFORE, plaintiff Metrotop Plaza Associates demands judgment against defendant United States of America:

a. For a determination and a declaration that the base year taxes under lease number GS-02B-23116 are $213,720.00;

b. For damages in the amount of $20,670.30, plus interest thereon;

c. For costs of suit;

d. For reasonable attorneys' fees and expenses; and

e. For fees and other expenses pursuant to 28 U.S.C. §2412(d).

LASSER HOCHMAN, L.L.C.
Attorneys for Plaintiff Metrotop Plaza Associates

By: ______________________
RICHARD L. ZUCKER, ESQ.

(973) 226-2700 (T)
(973) 226-0844 (F)

Dated: November 14, 2007

GSA

GSA Northeast and Caribbean Region

Re: Real Estate Taxes
111 Wood Avenue South
Iselin, NJ 08830
GS-02B-23116

27 JUL 2006

Metrotop Plaza Associates
Ivan Sobel
90 Woodbridge Center Drive
Woodbridge, NJ 07095

Dear Mr. Sobel,

We performed an audit of the referenced lease which revealed that a parking garage was built on the property's site with the same block and lot numbers as the original structure subject to the lease.

The Tax Adjustment Clause 3.3.b of our lease states: "*Base year taxes as referred to in this clause are the real estate taxes for the first twelve (12) month period coincident with full assessment, or may be an amount negotiated by the parties that reflects an agreed upon base for a fully assessed value of the property.*"

The Tax Adjustment Clause 3.3.d of our lease further states: *"The term "full assessment" as referred to in this clause means the taxing jurisdiction has considered all contemplated improvements to the assessed property in the valuation of the same. Partial assessments for newly constructed projects or for projects under construction, conversion, or renovation will not be used for establishing the Government's base taxes."*

The parking garage was built in 2003 and as per the tax adjustment clauses cited above the base year which we used to calculate the real estate tax escalations were incorrect. Partial assessments for newly constructed projects will not be used for establishing the Government's base taxes.

The Government paid you in error for real estate tax escalations for tax years 2002 and 2003 as follows:

| | |
|---|---|
| 2002 | $ 2,087.72 |
| 2003 | $ 18,582.58 |
| Total Paid | $ 20,670.30 |

**EXHIBIT A**

U.S. General Services Administration
Jacob K. Javits Federal Building
26 Federal Plaza
New York, NY 10278
www.gsa.gov

2b7

The Government does not benefit from the newly constructed parking garage and there should be a subdivision to part those structures into their own block and lot numbers for tax escalation purposes. The parking garage increased the assessment of the property by more than 50%. In order for GSA to consider maintaining the base year as tax year 2001, the office building must have its own block and lot numbers separate from the parking garage.

Please contact me within 30 days to discuss repayment to GSA of $20,670.30.

All inquires regarding real estate tax matters should be sent to the following address:

General Services Administration
Account Management Division
Attn: 2PGR, Room 16-100
26 Federal Plaza
New York, NY 10278

If you have any questions, please contact me at (212) 264-6754. My fax number is (212) 265-9400.

Sincerely,

John Sparozic
Financial Analyst
Account Management Division

GSA

GSA Northeast and Caribbean Region

Re: Real Estate Taxes
111 Wood Avenue South
Iselin, NJ 08830
GS-02B-23116

01 SEP 2006

Metrotop Plaza Associates
Ivan Sobel
90 Woodbridge Center Drive
Woodbridge, NJ 07095

Dear Mr. Sobel,

Reference our letter dated July 27, 2006. As of today, we have not heard from you concerning re-payment to the Government. This is the final letter GSA is sending you regarding this claim. This claim has been reviewed and is valid.

Here is a reiteration of the matter:

1) We performed an audit of the referenced lease which revealed that a parking garage was built on the property's site with the same block and lot numbers as the original structure subject to the lease.

2) The parking garage was built in 2003 and as per the tax adjustment clauses 3.3.b and 3.3.d of our lease the base year which we used to calculate the real estate tax escalations were incorrect. Partial assessments for newly constructed projects will not be used for establishing the Government's base taxes.

3) The Government does not benefit from the newly constructed parking garage and there should be a subdivision to part those structures into their own block and lot numbers for tax escalation purposes.

The Government paid you in error for real estate tax escalations for tax years 2002 and 2003 in the sum of $20,670.30.

**EXHIBIT B**

U.S. General Services Administration
Jacob K. Javits Federal Building
26 Federal Plaza
New York, NY 10278
www.gsa.gov

497

*This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.*

I ask that you review this information and get back to me within sixty days to arrange repayment to GSA. If you prefer, you may submit a check in the full amount made payable to the General Services Administration.

All inquiries regarding this matter should be sent to the following address:

General Services Administration
Realty Services Division
Administrative and Technical Support Branch
Attn: 2PGR, Room 16-100
26 Federal Plaza
New York, NY 10278

Please contact me at (212) 264-4083. My fax number is (212) 264-9400.

Sincerely,

Evanthia Campione,
Contracting Officer

597

GSA

GSA Northeast & Caribbean Region

July 26, 2007

**Via Federal Express**

Dinah E. Hendon, Esq.
Lasser Hochman, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068

RE: Real Estate Taxes for 111 Woodlawn Avenue South, Iselin, NJ
Lease No. GS-02B-23116

Dear Ms. Hendon:

As I indicated to you in our conversation today, GSA will transmit a letter to you next week proposing a settlement of the dispute in the above captioned matter. The gist of the proposal will be that 2001 shall remain the base year for calculating real estate tax escalations, but that the Government's percentage of occupancy shall be amended for years 2003 and thereafter to reflect the addition of the parking garage to the initial premises leased by the Government.

In accordance with our conversation, I hereby agree, on behalf of GSA, that if we have been unable to execute a supplemental lease agreement resolving this matter by September 5, 2007, that the time for Metrotop Plaza Associates to appeal the final contracting officer's decision of Evanthia Campione dated September 1, 2006 shall be deemed extended to December 5, 2007 without any additional action or writing by your client.

I look forward to working with you to expeditiously resolve this matter. If you have any questions or comments please call me at (212) 264-8335.

Sincerely,

Mark S. Johnson
Assistant Regional Counsel

**EXHIBIT C**

U.S. General Services Administration
26 Federal Plaza
New York, NY 10278
www.gsa.gov