RICHARD L. ZUCKER, ESQ.
LASSER HOCHMAN, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700
Attorneys for Plaintiff Metrotop Plaza Associates

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

METROTOP PLAZA ASSOCIATES,

Plaintiff,

-vs-

UNITED STATES OF AMERICA,

Defendant.

No. 07-811C

(Judge John P. Wiese)

**CERTIFICATION OF RICHARD L. ZUCKER**

RICHARD L. ZUCKER, of full age, certifies as follows:

1. I am a member of Lasser Hochman, L.L.C., attorneys for plaintiff Metrotop Plaza Associates, and I am familiar with the facts set forth herein

2. On November 19, 2007, Metrotop Plaza Associates filed its complaint in this matter. A copy of the complaint is attached hereto as Schedule A.

3. After the filing of the complaint on November 19, 2007, transactions, occurrences and/or events happened which should be included as part of this litigation.

4. Specifically, by letter dated October 30, 2007, Metrotop Plaza Associates submitted a claim to the contracting officer. However, to date, the contracting officer has not responded to the claim. More than sixty (60) days have passed since the submission of the claim, and under federal law, the claim is deemed denied and Metrotop Plaza Associates is authorized to commence an action on the claim.

5. A copy of the proposed supplemental complaint is attached hereto as Schedule B.

6. On December 19, 2007 I sent an e-mail to Dawn Goodman, the defendant's attorney in order to find out the government's position regarding the proposed supplemental complaint. Ms. Goodman had not responded to my e-mail by January 3, 2008, and I sent her an e-mail on that date inquiring as to whether the government had "any objection to Metrotop supplementing its complaint to assert the claims that were the subject of my October 30, 2007 letter." Ms. Goodman responded that she "[has] been unable to talk to the agency about this issue. I will respond to you regarding our position on supplementing the complaint as soon as I am able."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Richard L. Zucker
RICHARD L. ZUCKER

Dated: January 4, 2008

ORIGINAL

FILED
NOV 19 2007
U.S. COURT OF FEDERAL CLAIMS

RICHARD L. ZUCKER, ESQ.
LASSER HOCHMAN, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700
Attorneys for Plaintiff Metrotop Plaza Associates

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

METROTOP PLAZA ASSOCIATES,

Plaintiff,

-vs-

No. 07-811 C

UNITED STATES OF AMERICA,

Defendant.

**COMPLAINT**

Plaintiff Metrotop Plaza Associates (hereinafter "Metrotop"), a New Jersey general partnership, complains of defendant United States of America (hereinafter "the Government") and says:

JURISDICTION

1. The within action involves a claim against the United States founded upon an express contract with the United States, and this court has jurisdiction to render judgment upon the claim pursuant to 28 U.S.C. §1491(a)(1).

2. The within action also involves a claim by, and a dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, and this court has jurisdiction to render judgment upon the claim pursuant to 28 U.S.C. §1491(a)(2).

SCHEDULE A

CLAIM FOR RELIEF

3. On or about August 23, 2000, Metrotop and the Government entered into a Lease for Real Property (hereinafter "LRP") with respect to approximately 10,688 BOMA rentable square feet of office space located on part of the first floor of the premises known and designated as 111 Wood Avenue South, Iselin, New Jersey, together with 40 on-site parking spaces, to be used for office and related uses. The LRP was designated as Lease No. GS-02B-23116 in Building No. NJ4600ZZ.

4. Paragraph 3.3(e) on page 8 of the LRP provides, in relevant part, as follows:

> The Government shall make a single lump sum payment to the Lessor for its share of any increase in real estate taxes during the lease term over the amount established as the base year taxes * * *. The amount of lump sum payment * * * shall be based upon evidence of valuation and payment submitted by the Lessor to the Contracting Officer in accordance with paragraph (d).
>
> (1) In the event of an increase in taxes over the base year, the Lessor shall submit a proper invoice of the tax adjustment including the calculation thereof together with evidence of payment to the Contracting Officer. The Government shall be responsible for payment of any tax increase over the base year taxes only if proper invoice and evidence of payment is submitted by the Lessor within sixty (60) calendar days after the date the tax payment is due from the Lessor to the taxing authority. The due date for making payment shall be the thirtieth (30th) calendar day after the anniversary date of this lease, whichever is later.

5. According to paragraph 3.3(b) on page 7 of the LRP, the base year taxes "are the real estate taxes for the first twelve (12) month period coincident with full assessment." In this case, the base year taxes were the real estate taxes assessed against the building and lot upon which the building is located for calendar year 2001, namely, $213,720.00.

6. Pursuant to and in accordance with paragraph 3.3(e) on page 8 of the LPR, Metrotop invoiced the Government $2,087.72 and $18,582.58 for tax increases for 2002 and 2003, respectively, over the base year, and the Government paid the $2,087.72 and the $18,582.58 to Metrotop.

7. By letter dated July 27, 2006, a copy of which is attached hereto as Exhibit A, the Government advised Metrotop that "the base year which we used to calculate the real estate tax escalations were incorrect" and that the $2,087.72 and the $18,582.58 were "paid * * * in error."

8. By letter dated September 1, 2006, a copy of which is attached hereto as Exhibit B, the Government wrote to Metrotop and again took the position that "[t]he Government paid you in error for real estate tax escalations for tax years 2002 and 2003 in the sum of $20,670.30." The letter continued:

> This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

9. Thereafter, the Government took a credit in the amount of $20,670.30 against future

moneys that it owed to Metrotop.

10. By letter dated July 26, 2007, a copy of which is attached hereto as Exhibit C, the Government extended to December 5, 2007 the time for Metrotop "to appeal the contracting officer's decision of Evanthia Campione dated September 1, 2006 * * * without any additional action or writing by [Metrotop]."

11. There is no factual or legal basis for the Government's position that the base year taxes under the LRP were anything other than $213,720.00.

12. There is no factual or legal basis for the Government's position that it overpaid $20,670.30 on account of the 2002 and 2003 real estate tax escalations, and, as a result, the Government was not entitled to take a credit against future moneys that it owed to Metrotop.

WHEREFORE, plaintiff Metrotop Plaza Associates demands judgment against defendant United States of America:

a. For a determination and a declaration that the base year taxes under lease number GS-02B-23116 are $213,720.00;

b. For damages in the amount of $20,670.30, plus interest thereon;

c. For costs of suit;

d. For reasonable attorneys' fees and expenses; and

e. For fees and other expenses pursuant to 28 U.S.C. §2412(d).

LASSER HOCHMAN, L.L.C.
Attorneys for Plaintiff Metrotop Plaza Associates

By: ______________________
RICHARD L. ZUCKER, ESQ.

(973) 226-2700 (T)
(973) 226-0844 (F)

Dated: November 14, 2007

GSA

GSA Northeast and Caribbean Region

Re: Real Estate Taxes
111 Wood Avenue South
Iselin, NJ 08830
GS-02B-23116

27 JUL 2006

Metrotop Plaza Associates
Ivan Sobel
90 Woodbridge Center Drive
Woodbridge, NJ 07095

Dear Mr. Sobel,

We performed an audit of the referenced lease which revealed that a parking garage was built on the property's site with the same block and lot numbers as the original structure subject to the lease.

The Tax Adjustment Clause 3.3.b of our lease states: *"Base year taxes as referred to in this clause are the real estate taxes for the first twelve (12) month period coincident with full assessment, or may be an amount negotiated by the parties that reflects an agreed upon base for a fully assessed value of the property."*

The Tax Adjustment Clause 3.3.d of our lease further states: *"The term "full assessment" as referred to in this clause means the taxing jurisdiction has considered all contemplated improvements to the assessed property in the valuation of the same. Partial assessments for newly constructed projects or for projects under construction, conversion, or renovation will not be used for establishing the Government's base taxes."*

The parking garage was built in 2003 and as per the tax adjustment clauses cited above the base year which we used to calculate the real estate tax escalations were incorrect. Partial assessments for newly constructed projects will not be used for establishing the Government's base taxes.

The Government paid you in error for real estate tax escalations for tax years 2002 and 2003 as follows:

| | |
|---|---|
| 2002 | $ 2,087.72 |
| 2003 | $ 18,582.58 |
| Total Paid | $ 20,670.30 |

EXHIBIT A

U.S. General Services Administration
Jacob K. Javits Federal Building
26 Federal Plaza
New York, NY 10278
www.gsa.gov

The Government does not benefit from the newly constructed parking garage and there should be a subdivision to part those structures into their own block and lot numbers for tax escalation purposes. The parking garage increased the assessment of the property by more than 50%. In order for GSA to consider maintaining the base year as tax year 2001, the office building must have its own block and lot numbers separate from the parking garage.

Please contact me within 30 days to discuss repayment to GSA of $20,670.30.

All inquires regarding real estate tax matters should be sent to the following address:

General Services Administration
Account Management Division
Attn: 2PGR, Room 16-100
26 Federal Plaza
New York, NY 10278

If you have any questions, please contact me at (212) 264-6754. My fax number is (212) 265-9400.

Sincerely,

John Sparozic
Financial Analyst
Account Management Division

GSA

GSA Northeast and Caribbean Region

Re: Real Estate Taxes
111 Wood Avenue South
Iselin, NJ 08830
GS-02B-23116

01 SEP 2006

Metrotop Plaza Associates
Ivan Sobel
90 Woodbridge Center Drive
Woodbridge, NJ 07095

Dear Mr. Sobel,

Reference our letter dated July 27, 2006. As of today, we have not heard from you concerning re-payment to the Government. This is the final letter GSA is sending you regarding this claim. This claim has been reviewed and is valid.

Here is a reiteration of the matter:

1) We performed an audit of the referenced lease which revealed that a parking garage was built on the property's site with the same block and lot numbers as the original structure subject to the lease.

2) The parking garage was built in 2003 and as per the tax adjustment clauses 3.3.b and 3.3.d of our lease the base year which we used to calculate the real estate tax escalations were incorrect. Partial assessments for newly constructed projects will not be used for establishing the Government's base taxes.

3) The Government does not benefit from the newly constructed parking garage and there should be a subdivision to part those structures into their own block and lot numbers for tax escalation purposes.

The Government paid you in error for real estate tax escalations for tax years 2002 and 2003 in the sum of $20,670.30.

**EXHIBIT B**

U.S. General Services Administration
Jacob K. Javits Federal Building
26 Federal Plaza
New York, NY 10278
www.gsa.gov

*This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.*

I ask that you review this information and get back to me within sixty days to arrange repayment to GSA. If you prefer, you may submit a check in the full amount made payable to the General Services Administration.

All inquiries regarding this matter should be sent to the following address:

General Services Administration
Realty Services Division
Administrative and Technical Support Branch
Attn: 2PGR, Room 16-100
26 Federal Plaza
New York, NY 10278

Please contact me at (212) 264 4083. My fax number is (212) 264-9400.

Sincerely,

Evanthia Campione,
Contracting Officer

597

GSA

GSA Northeast & Caribbean Region

July 26, 2007

**Via Federal Express**

Dinah E. Hendon, Esq.
Lasser Hochman, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068

RE: Real Estate Taxes for 111 Woodlawn Avenue South, Iselin, NJ
Lease No. GS-02B-23116

Dear Ms. Hendon:

As I indicated to you in our conversation today, GSA will transmit a letter to you next week proposing a settlement of the dispute in the above captioned matter. The gist of the proposal will be that 2001 shall remain the base year for calculating real estate tax escalations, but that the Government's percentage of occupancy shall be amended for years 2003 and thereafter to reflect the addition of the parking garage to the initial premises leased by the Government.

In accordance with our conversation, I hereby agree, on behalf of GSA, that if we have been unable to execute a supplemental lease agreement resolving this matter by September 5, 2007, that the time for Metrotop Plaza Associates to appeal the final contracting officer's decision of Evanthia Campione dated September 1, 2006 shall be deemed extended to December 5, 2007 without any additional action or writing by your client.

I look forward to working with you to expeditiously resolve this matter. If you have any questions or comments please call me at (212) 264-8335.

Sincerely,

Mark S. Johnson
Assistant Regional Counsel

**EXHIBIT C**

U.S. General Services Administration
26 Federal Plaza
New York, NY 10278
www.gsa.gov

RICHARD L. ZUCKER, ESQ.
LASSER HOCHMAN, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700
Attorneys for Plaintiff Metrotop Plaza Associates

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

METROTOP PLAZA ASSOCIATES,

Plaintiff,

-vs-

UNITED STATES OF AMERICA,

Defendant.

No. -7-811C

(Judge John P. Wiese)

**SUPPLEMENTAL COMPLAINT**

Plaintiff Metrotop Plaza Associates (hereinafter "Metrotop"), a New Jersey general partnership, complains of defendant United States of America (hereinafter "the Government") and says:

JURISDICTION

1. The within action involves claims against the Government founded upon an express contract with the United States, and this court has jurisdiction to render judgment upon the claims pursuant to 28 U.S.C. §1491(a)(1).

2. The within action also involves claims by, and a dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, and this court has jurisdiction to render judgment upon the claims pursuant to 28 U.S.C. §1491(a)(2).

CLAIMS FOR RELIEF

FIRST COUNT

3. On or about August 23, 2000, Metrotop and the Government entered into a Lease for

Real Property (hereinafter "LRP") with respect to approximately 10,688 BOMA rentable square feet of office space located on part of the first floor of the premises known and designated as 111 Wood Avenue South, Iselin, New Jersey, together with 40 on-site parking spaces, to be used for office and related uses. The LRP was designated as Lease No. GS-02B-23116 in Building No. NJ4600ZZ.

4. Paragraph 3.3(e) on page 8 of the LRP provides, in relevant part, as follows:

> The Government shall make a single lump sum payment to the Lessor for its share of any increase in real estate taxes during the lease term over the amount established as the base year taxes * * *. The amount of lump sum payment * * * shall be based upon evidence of valuation and payment submitted by the Lessor to the Contracting Officer in accordance with paragraph (d).
>
> (1) In the event of an increase in taxes over the base year, the Lessor shall submit a proper invoice of the tax adjustment including the calculation thereof together with evidence of payment to the Contracting Officer. The Government shall be responsible for payment of any tax increase over the base year taxes only if proper invoice and evidence of payment is submitted by the Lessor within sixty (60) calendar days after the date the tax payment is due from the Lessor to the taxing authority. The due date for making payment shall be the thirtieth (30th) calendar day after the anniversary date of this lease, whichever is later.

5. According to paragraph 3.3(b) on page 7 of the LRP, the base year taxes "are the real estate taxes for the first twelve (12) month period coincident with full assessment." In this case, the base year taxes were the real estate taxes assessed against the building and lot upon which the building is located for calendar year 2001, namely, $213,720.00.

6. Pursuant to and in accordance with paragraph 3.3(e) on page 8 of the LRP, Metrotop invoiced the Government $2,087.72 and $18,582.58 for tax increases for 2002 and 2003,

respectively, over the base year, and the Government paid the $2,087.72 and the $18,582.58 to Metrotop.

7. By letter dated July 27, 2006, a copy of which is attached hereto as Exhibit A, the Government advised Metrotop that "the base year which we used to calculate the real estate tax escalations were incorrect" and that the $2,087.72 and the $18,582.58 were "paid * * * in error."

8. By letter dated September 1, 2006, a copy of which is attached hereto as Exhibit B, the Government wrote to Metrotop and again took the position that "[t]he Government paid you in error for real estate tax escalations for tax years 2002 and 2003 in the sum of $20,670.30." The letter continued:

> This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

9. Thereafter, the Government took a credit in the amount of $20,670.30 against future moneys that it owed to Metrotop.

10. By letter dated July 26, 2007, a copy of which is attached hereto as Exhibit C, the

Government extended to December 5, 2007 the time for Metrotop "to appeal the contracting officer's decision of Evanthia Campione dated September 1, 2006 * * * without any additional action or writing by [Metrotop]."

11. There is no factual or legal basis for the Government's position that the base year taxes under the LRP were anything other than $213,720.00.

12. There is no factual or legal basis for the Government's position that it overpaid $20,670.30 on account of the 2002 and 2003 real estate tax escalations, and, as a result, the Government was not entitled to take a credit against future moneys that it owed to Metrotop.

WHEREFORE, plaintiff Metrotop Plaza Associates demands judgment against defendant United States of America:

a. For a determination and a declaration that the base year taxes under lease number GS-02B-23116 are $213,720.00;

b. For damages in the amount of $20,670.30, plus interest thereon;

c. For costs of suit;

d. For reasonable attorneys' fees and expenses; and

e. For fees and other expenses pursuant to 28 U.S.C. §2412(d).

SECOND COUNT

13. It repeats and makes a part hereof the allegations of the First Count as if the same were set forth at length herein.

14. By letter dated October 30, 2007, Metrotop, pursuant to and in accordance with 41 U.S.C. §605(a), submitted a claim in writing to the contracting officer for a decision. A copy of the letter is attached hereto as Exhibit D.

15. By virtue of 41 U.S.C. §605(c)(5),

> Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter.

WHEREFORE, plaintiff Metrotop Plaza Associates demands judgment against defendant United States of America:

a. For a determination and declaration that the tax block and lot were fully assessed in 2001;

b. For a determination and declaration that the construction of the parking garage upon the tax block and lot did not reduce the government's real estate tax adjustment rate from 12.63%;

c. For a determination and declaration that the construction of the parking garage on lot 11.C in block 356 did not add rentable square feet in the building or complex;

d. For damages in the amount of $114,772.34, plus interest thereon;

e. For costs of suit;

f. For reasonable attorneys' fees and expenses; and

g. For fees and other expenses pursuant to 28 U.S.C. §2412(d).

LASSER HOCHMAN, L.L.C.
Attorneys for Plaintiff Metrotop Plaza Associates

By:______________________________
RICHARD L. ZUCKER, ESQ.

(973) 226-2700 (T)
(973) 226-0844 (F)

Dated: January , 2008

Case 1:07-cv-00811-JPW Document 1 Filed 11/19/2007 Page 5 of 9

GSA

GSA Northeast and Caribbean Region

Re: Real Estate Taxes
111 Wood Avenue South
Iselin, NJ 08830
GS-02B-23116

27 JUL 2006

Metrotop Plaza Associates
Ivan Sobel
90 Woodbridge Center Drive
Woodbridge, NJ 07095

Dear Mr. Sobel,

We performed an audit of the referenced lease which revealed that a parking garage was built on the property's site with the same block and lot numbers as the original structure subject to the lease.

The Tax Adjustment Clause 3.3.b of our lease states: *"Base year taxes as referred to in this clause are the real estate taxes for the first twelve (12) month period coincident with full assessment, or may be an amount negotiated by the parties that reflects an agreed upon base for a fully assessed value of the property."*

The Tax Adjustment Clause 3.3.d of our lease further states: *"The term "full assessment" as referred to in this clause means the taxing jurisdiction has considered all contemplated improvements to the assessed property in the valuation of the same. Partial assessments for newly constructed projects or for projects under construction, conversion, or renovation will not be used for establishing the Government's base taxes."*

The parking garage was built in 2003 and as per the tax adjustment clauses cited above the base year which we used to calculate the real estate tax escalations were incorrect. Partial assessments for newly constructed projects will not be used for establishing the Government's base taxes.

The Government paid you in error for real estate tax escalations for tax years 2002 and 2003 as follows:

| | |
|---|---|
| 2002 | $ 2,087.72 |
| 2003 | $ 18,582.58 |
| Total Paid | $ 20,670.30 |

**EXHIBIT A**

U.S. General Services Administration
Jacob K. Javits Federal Building
26 Federal Plaza
New York, NY 10278
www.gsa.gov

207

09/12/2006 12:55 17322830133 ATLANTIC REALTY PAGE 02

The Government does not benefit from the newly constructed parking garage and there should be a subdivision to part those structures into their own block and lot numbers for tax escalation purposes. The parking garage increased the assessment of the property by more than 50%. In order for GSA to consider maintaining the base year as tax year 2001, the office building must have its own block and lot numbers separate from the parking garage.

Please contact me within 30 days to discuss repayment to GSA of $20,670.30.

All inquires regarding real estate tax matters should be sent to the following address:

General Services Administration
Account Management Division
Attn: 2PGR, Room 16-100
26 Federal Plaza
New York, NY 10278

If you have any questions, please contact me at (212) 264-6754. My fax number is (212) 265-9400.

Sincerely,

John Sparozic
Financial Analyst
Account Management Division

Case 1:07-cv-00811-JPW Document 1 Filed 11/19/2007 Page 7 of 9

GSA

GSA Northeast and Caribbean Region

Re: Real Estate Taxes
111 Wood Avenue South
Iselin, NJ 08830
GS-02B-23116

0 1 SEP 2006

Metrotop Plaza Associates
Ivan Sobel
90 Woodbridge Center Drive
Woodbridge, NJ 07095

Dear Mr. Sobel,

Reference our letter dated July 27, 2006. As of today, we have not heard from you concerning re-payment to the Government. This is the final letter GSA is sending you regarding this claim. This claim has been reviewed and is valid.

Here is a reiteration of the matter:

1) We performed an audit of the referenced lease which revealed that a parking garage was built on the property's site with the same block and lot numbers as the original structure subject to the lease.

2) The parking garage was built in 2003 and as per the tax adjustment clauses 3.3.b and 3.3.d of our lease the base year which we used to calculate the real estate tax escalations were incorrect. Partial assessments for newly constructed projects will not be used for establishing the Government's base taxes.

3) The Government does not benefit from the newly constructed parking garage and there should be a subdivision to part those structures into their own block and lot numbers for tax escalation purposes.

The Government paid you in error for real estate tax escalations for tax years 2002 and 2003 in the sum of $20,670.30.

EXHIBIT B

U.S. General Services Administration
Jacob K. Javits Federal Building
26 Federal Plaza
New York, NY 10278
www.gsa.gov

407

*This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.*

I ask that you review this information and get back to me within sixty days to arrange repayment to GSA. If you prefer, you may submit a check in the full amount made payable to the General Services Administration.

All inquiries regarding this matter should be sent to the following address:

General Services Administration
Realty Services Division
Administrative and Technical Support Branch
Attn: 2PGR, Room 16-100
26 Federal Plaza
New York, NY 10278

Please contact me at (212) 264-4083. My fax number is (212) 264-9400.

Sincerely,

Evanthia Campione,
Contracting Officer

GSA

GSA Northeast & Caribbean Region

July 26, 2007

**Via Federal Express**

Dinah E. Hendon, Esq.
Lasser Hochman, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068

RE: Real Estate Taxes for 111 Woodlawn Avenue South, Iselin, NJ
Lease No. GS-02B-23116

Dear Ms. Hendon:

As I indicated to you in our conversation today, GSA will transmit a letter to you next week proposing a settlement of the dispute in the above captioned matter. The gist of the proposal will be that 2001 shall remain the base year for calculating real estate tax escalations, but that the Government's percentage of occupancy shall be amended for years 2003 and thereafter to reflect the addition of the parking garage to the initial premises leased by the Government.

In accordance with our conversation, I hereby agree, on behalf of GSA, that if we have been unable to execute a supplemental lease agreement resolving this matter by September 5, 2007, that the time for Metrotop Plaza Associates to appeal the final contracting officer's decision of Evanthia Campione dated September 1, 2006 shall be deemed extended to December 5, 2007 without any additional action or writing by your client.

I look forward to working with you to expeditiously resolve this matter. If you have any questions or comments please call me at (212) 264-8335.

Sincerely,

Mark S. Johnson
Assistant Regional Counsel

**EXHIBIT C**

U.S. General Services Administration
26 Federal Plaza
New York, NY 10278
www.gsa.gov

LASSER HOCHMAN, L.L.C.
ATTORNEYS AT LAW
75 EISENHOWER PARKWAY - SUITE NO. 120
ROSELAND, NEW JERSEY 07068-1694
(973) 226-2700
TELECOPIER (973) 226-0844

RETIRED - IRVING C. MARCUS
OF COUNSEL - H. LEE SAROKIN
AARON LASSER (1895-1970)
B. WILLIAM HOCHMAN (1933-1983)

SHEPPARD A. GURYAN*
RICHARD L. ZUCKER*
RAND M. AGINS >
DAVID SILVER
BRUCE H. SNYDER
JODI LEE ALPER*
RICHARD C. STEWART#
JOHN R. WENZKE*
HELANE A. KIPNEES
MARYJANE D. COWELL>
DINAH E. HENDON
EVAN A. SHOWELL☐
GREGORY P. KONZELMAN*
LAUREN A. CARNEVALE*
RYAN M. BUEHLER

*N.J. AND N.Y. BARS
>N.J. AND PA. BARS
#N.J., N.Y AND D.C. BARS
☐N. J. AND D.C. BARS

October 30, 2007

***Certified Mail, R.R.R. and Regular Mail***
Ms. Evanthia Campione
Contracting Officer
Account Management Division
U. S. General Services Administration
Jacob K. Javits Federal Building
26 Federal Plaza
New York, New York 10278

RE: Lease for Real Property, dated August 23, 2000, between
Metrotop Plaza Associates (Landlord)
and United States of America (Tenant)
Lease No. GS-02B-23116
Building No. NJ4600ZZ
Premises: 111 Wood Avenue South
Iselin, New Jersey 08330

Dear Ms. Campione:

This office represents Metrotop Plaza Associates (hereinafter "Metrotop"), the landlord under the Lease for Real Property (hereinafter "LRP") referred to above.

Pursuant to and in accordance with paragraph 36 of the General Clauses (GSA Form 3517B) attached to the LRP, Metrotop asserts a claim against the USA in the amount of $114,772.34, which said amount is itemized hereinafter. In addition to the $114,772.34, Metrotop is also asserting a claim for interest on the $114,772.34 pursuant to paragraph 22(c) of the General Clauses and/or 41 U.S.C. §611.

The claim relates to unpaid real estate taxes. According to paragraph 3.3(e)(1) on page 8 of

**EXHIBIT D**

the LRP,

> The Government shall make a single lump sum payment to the Lessor for its share of any increase in real estate taxes during the lease term over the amount established as the base year taxes * * *. The amount of lump sum payment * * * shall be based upon evidence of valuation and payment submitted by the Lessor to the Contracting Officer in accordance with paragraph (d).
>
> (1) In the event of an increase in taxes over the base year, the Lessor shall submit a proper invoice of the tax adjustment including the calculation thereof together with evidence of payment to the Contracting Officer. The Government shall be responsible for payment of any tax increase over the base year taxes only if proper invoice and evidence of payment is submitted by the Lessor within sixty (60) calendar days after the date the tax payment is due from the Lessor to the taxing authority. The due date for making payment shall be the thirtieth (30th) calendar day after the anniversary date of this lease, whichever is later.

The base year was 2001, and the base year taxes imposed by the municipality on the tax lot and building were $213,720.00. For tax years 2003 through 2007, the real estate taxes imposed against the land and building were as follows:

| Tax Year | Real Estate Taxes |
|---|---|
| 2003 | $360,850.39 |
| 2004 | $374,958.56 |
| 2005 | $393,021.74 |
| 2006 | $413,091.94 |
| 2007 | $435,405.28 |

In compliance with the LRP, all required documentation supporting these tax amounts and Metrotop's payment thereof were previously submitted to you. Another copy of the tax bills is enclosed.

The government's share of these tax increases (12.63% per paragraph 23 on page 4 of the LRP) is itemized as follows:

| Tax Year | Real Estate Taxes | Base Year Taxes | Difference | 12.63% of Difference |
|---|---|---|---|---|
| 2003 | $360,850.39 | $213,720.00 | $147,130.39 | $ 18,582.57 |
| 2004 | $374,958.56 | $213,720.00 | $161,238.56 | $ 20,364.43 |
| 2005 | $393,021.74 | $213,720.00 | $179,301.74 | $ 22,645.81 |
| 2006 | $413,091.94 | $213,720.00 | $199,371.94 | $ 25,180.68 |
| 2007 | $435,405.28 | $213,720.00 | $221,685.28 | $ 27,998.85 |
| | | | | $114,772.34 |

We are aware, based upon your prior correspondence dated July 27, 2006 and September 1, 2006, that it is the government's position that "the base year which we used to calculate the real estate tax escalations were incorrect." The base year taxes, according to paragraph 3.3(b) on page 7 of the LRP, were $213,720.00, and to the extent that the government disagrees that this is the amount of the base year taxes, Metrotop seeks an interpretation of the LRP as part of the within claim.

We are also aware that, by letter dated August 21, 2007, in reliance upon paragraph 3.3(c) on page 7 of the LRP, you contend that the tax block and lot were not "fully assessed" in 2001 and that, consistent with the language in this paragraph, "[p]artial assessments for newly constructed projects or for projects under construction, conversion, or renovation will not be used for establishing the Government's base taxes." The fact of the matter is, however, that the property in question was fully assessed in 2001, and that no partial assessment was used for establishing the base year taxes of $213,720.00. As part of its claim, Metrotop seeks an interpretation of the LRP to this effect in light of the facts as they existed in 2001.

In your letter dated August 21, 2007, you also maintain that the establishment of the real estate tax adjustment rate at 12.63% was "based on the total rentable square footage of the property at 84,620 in the commencement year of 2001." This amount of 84,620 may or may not be precisely correct, but what is true is that, according to paragraph 23 on page 4 of the LRP,

> [f]or the purpose of Real Estate Tax Adjustments as set forth in Paragraph 3.3 of this Lease, the Government is deemed to occupy 12.63%of the tax lot and building. (Emphasis added).

You also state in your letter of August 21, 2007 that with the construction of the parking garage that you allege contains 213,012 square feet, this had the effect of reducing the government's real estate tax adjustment rate from 12.63% to 3.59%. Metrotop disagrees, and as part of its claim, the landlord seeks an interpretation of the LRP that the construction of the parking garage on lot 11.C in block 356 did not add, in the words of paragraph 3.3(f) on page 8 of the LRP, "rentable square feet in the building or complex", and that, notwithstanding the construction of the parking garage, the government's real estate tax adjustment rate remains at 12.63%, that the base year taxes are still $213,720.00, and that the amount due, owing and payable on account of increased real estate taxes should be calculated based upon the annual real estate taxes imposed by the municipality on the lot and block in question.

Consistent with the requirements of paragraph 36(d) of the General Clauses and 41 U.S.C. §605(c)(1), a certification from Metrotop accompanies this claim.

We trust that you will timely respond to this claim.

Very truly yours,

RICHARD L. ZUCKER

RLZ/sms
Encls.

## CERTIFICATION

IVAN SOBEL, of full age, certifies as follows:

1. I am authorized to certify on behalf of Metrotop Plaza Associates the claim described in the October 26, 2007 letter from Richard L. Zucker to Ms. Evanthia Campione.

2. The claim is made in good faith, the supporting data are accurate and complete to the best of my knowledge and belief, and the amount requested accurately reflects the contract adjustment for which Metrotop Plaza Associates believes the Government is liable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

IVAN SOBEL

Dated: October 29, 2007

**2003 1st Quarter / 2nd Quarter TAX BILL**

**TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY**

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | 11.C | |

PROPERTY LOC 111 WOOD AVE S
BLDG. DESC. OFFICES
ADDITIONAL LOTS
LAND DESC. 109110

| 1ST QTR DUE FEB 1, 2003 | 2ND QTR DUE MAY 1, 2003 |
|---|---|
| 62250.32 | 62250.32 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6879 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CEN DR 6FL
WOODBRIDGE NJ 07095-1142

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | | 27,872.43 |
| 1st Half Requirement | | |
| Non-Municipal Taxes | | 96,628.21 |
| 1st Half Requirement | | |
| Total 1st Half Taxes | | 124,500.64 |
| Net 1st Half Taxes Due | | 124,500.64 |

*****NOTICE TO ALL TAXPAYERS*****

0-8D9E8C

* DISTRIBUTION OF TAXES *

Non-Municipal Taxes
$96,628.21 77.61%

Municipal Tax
$27,872.43 22.39%

* Woodbridge Township did not participate in REAP due to the Administrative Costs.
Delinquent taxes or sewer bills as of May 11, 2003 are subject to a Tax Sale in June.

STATE AID USED TO OFFSET LOCAL PROPERTY TAXES

The budgets of the government agencies funded by this tax bill include State funding used to reduce local property taxes:

| | |
|---|---|
| Municipal Aid | $31,889,755 |
| REAP Tax Credit | * |
| School Dist(s) Aid | $22,516,469 |
| REAP Tax Credit | * |
| County Aid | $4,378,701 |
| REAP Tax Credit | ------------ |

## 2003 3rd Quarter / 4th Quarter TAX BILL

## TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | 11.C | |

PROPERTY LOC 111 WOOD AVE S
BLDG. DESC. OFFICES
ADDITIONAL LOTS
LAND DESC. 10.9110

| 3RD QTR DUE AUG 1, 2003 | 4TH QTR DUE NOV 1, 2003 |
|---|---|
| 118174.88 | 118174.87 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6471 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | 1.181 | 69,714.43 |
| Less Previous Gross Tax | | 27,872.43- |
| Balance of Municipal Tax | | 41,842.00 |
| Non-Municipal Tax | | |
| County Tax | .806 | 47,578.18 |
| Board of Education | 3.794 | 223,959.82 |
| Open Space Fund | .069 | 4,073.07 |
| FIRE DISTRICT 9 | .263 | 15,524.89 |
| Total Non-Municipal Tax | | 291,135.96 |
| Less Previous Gross Tax | | 96,628.21- |
| Balance Non-Municipal Tax | | 194,507.75 |
| Total Tax | | 236,349.75 |
| Balance of Taxes Due | | 236,349.75 |

0-8D9E8C

### ***NOTICE TO ALL TAXPAYERS***

**■ DISTRIBUTION OF TAXES ■**

Non-Municipal Taxes
$51,651.25 14.31%

School Tax
$223,959.82 62.06%
Board of Education
732-750-3200

Municipal Tax
$69,714.43 19.32%

Special Tax Dist(s)
$15,524.89 4.30%
F09 732-283-3636

MTOP
5447-
5100

**ASSESSED VALUATION INFORMATION**

| | |
|---|---|
| Land | 2,182,000 |
| Improvements | 3,721,000 |
| Total | 5,903,000 |
| Exemptions | |
| Net Value | 5,903,000 |

PLEASE BE ADVISED:
The Tax and Sewer Offices are located at One Main St., Woodbridge, NJ on the 1st Floor.
Office hours are: 8:30am-4:30pm.
Bills can be mailed to:
The Township of Woodbridge
PO Box 5004
Woodbridge, NJ 07095-5004

## 2004 1st Quarter / 2nd Quarter TAX BILL

TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 556 | 11.C | |

PROPERTY LOC 211 WOOD AVE S

BLDG. DESC. OFFICES

ADDITIONAL LOTS

LAND DESC. 10.9110

| 1ST QTR DUE FEB 1, 2004 | 2ND QTR DUE MAY 1, 2004 |
|---|---|
| 91538.19 | 91538.18 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6556 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | | 37,129.91 |
| 1st Half Requirement | | |
| Non-Municipal Taxes | | 145,946.46 |
| 1st Half Requirement | | |
| Total 1st Half Taxes | | 183,076.37 |
| Net 1st Half Taxes Due | | 183,076.37 |

MTOP
5447-5100

0-8D9E8C

***NOTICE TO ALL TAXPAYERS***

* DISTRIBUTION OF TAXES *

| | | |
|---|---|---|
| Non-Municipal Taxes | | |
| $145,946.46 | 79.72% | |
| Municipal Tax | | |
| $37,129.91 | 20.28% | |

* Woodbridge Township did not participate in REAP due to the Administrative Costs.
Delinquent taxes or sewer bills as of May 11, 2004 are subject to a Tax Sale in June.

STATE AID USED TO OFFSET LOCAL PROPERTY TAXES

The budgets of the government agencies funded by this tax bill include State funding used to reduce local property taxes:

| | |
|---|---|
| Municipal Aid | $32,274,776 |
| REAP Tax Credit | * |
| School Dist(s) Aid | $23,033,824 |
| REAP Tax Credit | * |
| County Aid | $6,482,258 |
| REAP Tax Credit | ------------ |

2004 3rd Quarter/4th Quarter TAX BILL

TOWNSHIP WOODBRIDGE - MIDDLESEX COUNTY

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | 11.C | |

PROPERTY LOC. 11 WOOD AVE S
BLDG. DESC. OFFICES
ADDITIONAL LOTS
LAND DESC. 10.9110

| 3RD QTR DUE AUG 1, 2004 | 4TH QTR DUE NOV 1, 2004 |
|---|---|
| 95941.10 | 95941.09 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6236 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | 1.282 | 75,676.46 |
| Less Previous Gross Tax | | 37,129.91- |
| Balance of Municipal Tax | | 38,546.55 |
| Non-Municipal Tax | | |
| County Tax | .798 | 47,105.94 |
| Board of Education | 3.934 | 232,224.02 |
| Open Space Fund | .076 | 4,486.28 |
| FIRE DISTRICT 9 | .262 | 15,465.86 |
| Total Non-Municipal Tax | | 299,282.10 |
| Less Previous Gross Tax | | 145,946.46- |
| Balance Non-Municipal Tax | | 153,335.64 |
| Total Tax | | 191,882.19 |
| Balance of Taxes Due | | 191,882.19 |

0-8D9E8C

***NOTICE TO ALL TAXPAYERS***

■ DISTRIBUTION OF TAXES ■

Non-Municipal Taxes
$51,592.22 13.76%

School Tax
$232,224.02 61.93%
Board of Education
732-750-3200

Municipal Tax
$75,676.46 20.18%

Special Tax Dist(s)
$15,465.86 4.12%
F09 732-283-3636

ASSESSED VALUATION INFORMATION

| | |
|---|---|
| Land | 2,182,000 |
| Improvements | 3,721,000 |
| Total | 5,903,000 |
| Exemptions | |
| Net Value | 5,903,000 |

PLEASE BE ADVISED:
The Tax and Sewer Offices are located at One Main Street, Woodbridge, NJ, on the 1st Floor Office hours are: 8:30am-4:30pm.

Also be advised that the Grace Period has been extended for the 3rd Quarter to August 31 ,2004.

**2005 1st Quarter / 2nd Quarter TAX BILL**

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | 11.C | |

PROPERTY LOC. 111 WOOD AVE S

BLDG. DESC. OFFICES

ADDITIONAL LOTS

LAND DESC. 10.9110

| 1ST QTR DUE FEB 1, 2005 | 2ND QTR DUE MAY 1, 2005 |
|---|---|
| 91352.36 | 91352.35 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6360 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

**TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY**

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax 1st Half Requirement | | 34,440.36 |
| Non-Municipal Taxes 1st Half Requirement | | 148,264.35 |
| Total 1st Half Taxes | | 182,704.71 |
| Net 1st Half Taxes Due | | 182,704.71 |

0-8D9E8C

*****NOTICE TO ALL TAXPAYERS*****

■ DISTRIBUTION OF TAXES ■

| | | |
|---|---|---|
| Non-Municipal Taxes | | |
| $148,264.35 | 81.15% | |
| Municipal Tax | | |
| $34,440.36 | 18.85% | |

Grace Period has been extended until February 28, 2005.
Delinquent taxes or sewer bills as of May 11, 2005 are subject to Tax Sale in June.
Twsp did not participate in REAP

STATE AID USED TO OFFSET LOCAL PROPERTY TAXES

The budgets of the government agencies funded by this tax bill include State funding used to reduce local property taxes:

| | |
|---|---|
| Municipal Aid | $32,619,958 |
| REAP Tax Credit | $0 |
| School Dist(s) Aid | $24,749,652 |
| REAP Tax Credit | $0 |
| County Aid | $5,886,619 |
| REAP Tax Credit | ------------ |

## 2005 3rd Quarter / 4th Quarter TAX BILL

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | 11.C | |

PROPERTY LOC 111 WOOD AVE S
BLDG. DESC. OFFICES
ADDITIONAL LOTS
LAND DESC. 10.9110

| 3RD QTR DUE AUG 1, 2005 | 4TH QTR DUE NOV 1, 2005 |
|---|---|
| 105158.52 | 105158.51 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6447 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

## TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | 1.282 | 75,676.46 |
| Less Previous Gross Tax | | 34,440.36- |
| Balance of Municipal Tax | | 41,236.10 |
| Non-Municipal Tax | | |
| County Tax | .818 | 48,286.54 |
| Board of Education | 4.205 | 248,221.15 |
| Open Space Fund | .085 | 5,017.55 |
| FIRE DISTRICT 9 | .268 | 15,820.04 |
| Total Non-Municipal Tax | | 317,345.28 |
| Less Previous Gross Tax | | 148,264.35- |
| Balance Non-Municipal Tax | | 169,080.93 |
| Total Tax | | 210,317.03 |
| Balance of Taxes Due | | 210,317.03 |

0-8D9E8C

### ***NOTICE TO ALL TAXPAYERS***

■ DISTRIBUTION OF TAXES ■

Non-Municipal Taxes
$53,304.09 13.56%

School Tax
$248,221.15 63.16%
Board of Education
732-750-3200

Municipal Tax
$75,676.46 19.26%

Special Tax Dist(s)
$15,820.04 4.03%
F09 732-283-3636

ASSESSED VALUATION INFORMATION

| | |
|---|---|
| Land | 2,182,000 |
| Improvements | 3,721,000 |
| Total | 5,903,000 |
| Exemptions | |
| Net Value | 5,903,000 |

PLEASE BE ADVISED:
The Tax and Sewer Offices are located at One Main St., Woodbridge, NJ on the 1st Floor. Our hours are: 8:30 am - 4:30 pm
You may mail your payment to:
Township of Woodbridge
PO Box 5004
Woodbridge, NJ 07095-5004

## 2006 1st Quarter / 2nd Quarter TAX BILL

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | 11.C | |

PROPERTY LOC. 111 WOOD AVE S
BLDG. DESC. OFFICES
ADDITIONAL LOTS
LAND DESC. 10.9110

| 1ST QTR DUE FEB 1, 2006 | 2ND QTR DUE MAY 1, 2006 |
|---|---|
| 95801.46 | 95801.45 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6552 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

## TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | | 34,167.92 |
| 1st Half Requirement | | |
| Non-Municipal Taxes | | 157,434.99 |
| 1st Half Requirement | | |
| Total 1st Half Taxes | | 191,602.91 |
| Net 1st Half Taxes Due | | 191,602.91 |

0-8D9E8C

### ***NOTICE TO ALL TAXPAYERS***

■ DISTRIBUTION OF TAXES ■

Non-Municipal Taxes
$157,434.99 82.17%

Municipal Tax
$34,167.92 17.83%

State law now mandates that properties which are delinquent on Taxes or Sewer as of May 11, are subject to publication and a Tax Sale in June. Please be sure your account is in compliance."

STATE AID USED TO OFFSET LOCAL PROPERTY TAXES

The budgets of the government agencies funded by this tax bill include State funding used to reduce local property taxes:

| | |
|---|---|
| Municipal Aid | $32,818,276 |
| REAP Tax Credit | $0 |
| School Dist(s) Aid | $25,043,124 |
| REAP Tax Credit | $0 |
| County Aid | $6,609,875 |
| REAP Tax Credit | ------------ |

## 2006 3rd Quarter / 4th Quarter TAX BILL

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | 11.C | |

PROPERTY LOC. 111 WOOD AVE S
BLDG. DESC. OFFICES
ADDITIONAL LOTS
LAND DESC. 10.9110

| 3RD QTR DUE AUG 1, 2006 | 4TH QTR DUE NOV 1, 2006 |
|---|---|
| 110744.52 | 110744.51 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6619 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

## TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | 1.381 | 81,520.43 |
| Less Previous Gross Tax | | 34,167.92- |
| Balance of Municipal Tax | | 47,352.51 |
| Non-Municipal Tax | | |
| County Tax | .887 | 52,359.61 |
| Board of Education | 4.360 | 257,370.80 |
| Open Space Fund | .102 | 6,021.06 |
| FIRE DISTRICT 9 | .268 | 15,820.04 |
| Total Non-Municipal Tax | | 331,571.51 |
| Less Previous Gross Tax | | 157,434.99- |
| Balance Non-Municipal Tax | | 174,136.52 |
| Total Tax | | 221,489.03 |
| Balance of Taxes Due | | 221,489.03 |

0-8D9E8C

### ***NOTICE TO ALL TAXPAYERS***

*** DISTRIBUTION OF TAXES ***

County Tax
$58,380.67 14.13%

Board of Education
$257,370.80 62.30%

732-750-3200
Municipal Tax
$81,520.43 19.73%

Special Tax Dist(s)
$15,820.04 3.83%
F09 732-283-3636

**ASSESSED VALUATION INFORMATION**

| | |
|---|---|
| Land | 2,182,000 |
| Improvements | 3,721,000 |
| Total | 5,903,000 |
| Exemptions | |
| Net Value | 5,903,000 |

PLEASE BE ADVISED:
The Tax and Sewer Offices are located at One Main St., Woodbridge, NJ on the 1st Floor. Office hours are: 8:30am-4:30pm.

You may mail your payment to:
Township of Woodbridge
PO Box 5004
Woodbridge, NJ 07095-5004

## 2007 1st Quarter / 2nd Quarter TAX BILL

PROPERTY IDENTIFICATION

| BLOCK NUMBER | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | [illegible] | |

PROPERTY LOC. 111 WOOD AVE S
BLDG. DESC. OFFICES
ADDITIONAL LOTS
LAND DESC. 10.9110

| 1ST QTR DUE FEB 1, 2007 | 2ND QTR DUE MAY 1, 2007 |
|---|---|
| 101005.30 | 101005.30 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6719 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

## TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | | 36,887.99 |
| 1st Half Requirement | | |
| Non-Municipal Taxes | | 165,122.61 |
| 1st Half Requirement | | |
| Total 1st Half Taxes | | 202,010.60 |
| Net 1st Half Taxes Due | | 202,010.60 |

0-8D9Z8C

***NOTICE TO ALL TAXPAYERS***

* DISTRIBUTION OF TAXES *

County Tax
$165,122.61 81.74%

Municipal Tax
$36,887.99 18.26%



"State law now mandates that properties which are delinquent on taxes or Sewer as of May 11, are subject to publication and a Tax Sale on June 18, 2007."
Feb. Taxes are due by 2/12/2007.

STATE AID USED TO OFFSET LOCAL PROPERTY TAXES

The budgets of the government agencies funded by this tax bill include State funding used to reduce local property taxes:

| | |
|---|---|
| Municipal Aid | $32,518,289 |
| REAP Tax Credit | N/A |
| School Dist(s) Aid | $25,043,124 |
| REAP Tax Credit | N/A |
| County Aid | $6,613,489 |
| REAP Tax Credit | N/A |

**, Quarter / 4th Quarter TAX BILL**

PROPERTY / IDENTIFICATION

| BLOCK | LOT NUMBER | QUALIFICATION |
|---|---|---|
| 356 | 11.C | |

PROPERTY LOC. 111 WOOD AVE S
BLDG. DESC. OFFICES
ADDITIONAL LOTS
LAND DESC. 10.9110

| 3RD QTR DUE AUG 1, 2007 | 4TH QTR DUE NOV 1, 2007 |
|---|---|
| 116697.34 | 116697.34 |

| TAX ACCOUNT NUMBER | BANK CODE | MORTGAGE ACCOUNT NO. | TAX BILL NUMBER |
|---|---|---|---|
| 40745705 | | | 6743 |

ATLANTIC RLTY (METROTOP PLZ ASSOC)
or Current Owner
90 WOODBRIDGE CTR DR # 6F
WOODBRIDGE NJ 07095-1163

**TOWNSHIP OF WOODBRIDGE - MIDDLESEX COUNTY**

| DESCRIPTION OF TAX | RATE | AMOUNT OF TAX |
|---|---|---|
| Municipal Tax | 1.512 | 89,253.36 |
| Less Previous Gross Tax | | 36,887.99- |
| Balance of Municipal Tax | | 52,365.37 |
| Non-Municipal Tax | | |
| County Tax | .974 | 57,495.22 |
| Board of Education | 4.490 | 265,044.70 |
| Open Space Fund | .114 | 6,729.42 |
| FIRE DISTRICT 9 | .286 | 16,882.58 |
| Total Non-Municipal Tax | | 346,151.92 |
| Less Previous Gross Tax | | 165,122.61- |
| Balance Non-Municipal Tax | | 181,029.31 |
| Total Tax | | 233,394.68 |
| Balance of Taxes Due | | 233,394.68 |

PIN 0-8D9E8C

*****NOTICE TO ALL TAXPAYERS*****

■ DISTRIBUTION OF TAXES ■

County Tax
$64,224.64 14.75%

Board of Education
$265,044.70 60.87%

732-750-3200
Municipal Tax
$89,253.36 20.50%

Special Tax Dist(s)
$16,882.58 3.88%
F09 732-283-3636

ASSESSED VALUATION INFORMATION

| | |
|---|---|
| Land | 2,182,000 |
| Improvements | 3,721,000 |
| Total | 5,903,000 |
| Exemptions | |
| Net Value | 5,903,000 |

PLEASE BE ADVISED:
The Tax and Sewer Offices are located at One Main St., Woodbridge, NJ on the 1st Floor. Hours are 8:30 am - 4:30 pm. Tuesdays until 6:30 pm.
You may mail your payments to:
Township of Woodbridge
PO Box 5004
Woodbridge, NJ 07095-5004