**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| METROTOP PLAZA ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-811C |
| | ) | |
| v. | ) | (Senior Judge Wiese) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) of this Court ("RCFC"), defendant, the United States, respectfully requests that this action be dismissed for lack of subject matter jurisdiction. In support of this motion, we rely upon the supplemental complaint, the following brief, and the appendix attached to this motion.

**ISSUES PRESENTED**

1. Whether Count I should be dismissed as untimely.
2. Whether Count II should be dismissed as unripe.

**STATEMENT OF THE CASE**[1]

## I. Nature Of The Case

Pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq., plaintiff, Metrotop Plaza Associates ("Metrotop"), seeks review of two alleged contracting officer final decisions stemming an agreement between Metrotop and the United States for the lease of real property. Compl. ¶¶ 2-3.[2] The lease provides conditions by which the United States pays

---

[1] For purposes of this brief only, other than the jurisdictional facts at issue, we assume the truth of the factual allegations contained in the supplemental complaint.

[2] "Compl." refers to plaintiff's Supplemental Complaint filed January 30, 2008. "Compl. Exh. ___" refers to the exhibits attached to the Supplemental Complaint. "Exh.__" refers to the

Metrotop a portion of a property tax increase on the property. Id. ¶ 4. First, Metrotop denies that the Government overpaid Metrotop $20,670.30 for the tax escalations of tax years 2002 and 2003. Id. ¶ 12. Second, Metrotop alleges that the Government owes it $114,772.34 in tax escalations for tax years 2003 to 2007. Id. ¶ 14, Exh. D.

As relief, Metrotop seeks $20,670.30 for the amount the Government allegedly set off against future payments owed Metrotop; $114,772.34 for the amount allegedly due for tax years 2003 to 2007; a declaration that the base year taxes under the lease is the 2001 tax amount and that the Government's percent of occupancy is 12.63 percent; interest, fees, and costs. Id. at 5.

## II. Statement Of The Facts

On August 23, 2000, Metrotop and the United States, by and through the General Services Administration ("GSA"), entered into a lease agreement for rental of office space. Compl. ¶ 3. The lease provides conditions by which the United States pays a portion of real estate tax escalations assessed on the property. Id. ¶ 4.

In accordance with the lease and invoices submitted by Metrotop, the United States paid $2,087.72 for its portion of the real estate tax escalation for tax year 2002 and $18,582.58 for tax year 2003. Id. ¶ 6. An independent audit of the lease subsequently revealed that the parties incorrectly calculated the base year tax amount used to determine the Government's tax escalation liability. Id. ¶ 7, Exh. A.

Pursuant to the audit results, on July 27, 2006, the United States informed Metrotop that

---

exhibits attached to this motion. Given the jurisdictional nature of this motion, the Court may consider the documents attached to this motion to decide jurisdictional facts without converting the motion to dismiss into a motion for summary judgment. Johnson Controls World Servs., Inc. v. United States, 44 Fed. Cl. 334, 340 (1999) (quoting Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988)).

it overpaid $20,670.30 for tax years 2002 and 2003 and asked Metrotop to contact GSA within 30 days to discuss repayment. Id. Exh. A. Metrotop did not respond. Id. Exh. B. On September 1, 2006, the contracting officer, Evanthia Campione, issued a final decision that the Government was entitled to the recovery of $20,670.30, and demanding Metrotop to contact her within 60 days to arrange repayment. Id. Exh. B. Metrotop received the decision on or about September 5, 2006. See id. Exh. C.

The parties began settlement negotiations. Compl. Exh. C. On July 26, 2007, Mark Johnson, Assistant Regional Counsel for GSA, sent a letter to Metrotop's attorney. Id. ¶ 10, Exh. C. The letter stated that, in the event the parties were unable to settle, Mr. Johnson agreed to Metrotop's request for a three-month extension of time to appeal the contracting officer's September 1, 2006 final decision. Id. ¶ 10, Exh. C. On November 17, 2007, Metrotop filed the original complaint in this case appealing the September 1, 2006 decision. Metrotop alleges that this Court possesses jurisdiction to entertain Count I pursuant to the CDA, and in light of Mr. Johnson's July 26, 2007 letter. Id. ¶¶ 1, 2, 10.

Metrotop filed a supplemental complaint adding Count II to this action.[3] Count II appeals the alleged denial of a second claim seeking payment for the tax escalations for tax years 2003-2007. The claim at issue in Count II was allegedly sent to GSA by regular and certified mail in a letter dated October 30, 2007. Id. ¶ 14, Exh. D. Ms. Campione never received the letter, however, and Metrotop's counsel admits he did not receive the returned certified mail card. Exh. 1, Metrotop's counsel December 13, 2007 email to Mark Johnson, at 1; Exh. 2, Declaration

[3] Count II does not present a clear claim for relief. Liberally construing the claim, we infer that Metrotop incorporates by reference the claims alleged in its October 30, 2007 letter.

of Evanthia Campione, ¶¶ 6-7. Once GSA learned of the potentially outstanding claim, it contacted Metrotop. Exh. 1. Metrotop resubmitted the claim to Mr. Johnson as an attachment to an email on December 13, 2007. Exh. 1. Mr. Johnson immediately forwarded the email to Ms. Campione. Exh. 2, ¶ 12.

On January 4, 2008, just 22 days after emailing the claim to GSA, Metrotop filed a motion to supplement its complaint in this case. The motion was granted and Metrotop filed the supplemental complaint on January 30, 2008. Metrotop alleges that Count II is properly before this Court because the claim was deemed denied when it did not receive a response within 60 days of mailing its October 30, 2007 letter. Compl. ¶¶ 14-15.

## ARGUMENT

### I. Motion to Dismiss Standard

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged, the plaintiff bears the burden of establishing jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996). "In ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed Cir. 1985)), aff'd, 101 F.3d 714 (Fed. Cir. 1996) (table).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Nonetheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983).

When deciding a motion to dismiss for lack of subject matter jurisdiction this Court assumes that all undisputed facts alleged in the complaint are true and draws all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed Cir. 1989). If a defendant challenges the jurisdiction of the Court, however, the plaintiff may not rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189.

## II. This Court Lacks Jurisdiction To Entertain Count I Because It Was Filed More Than 12 Months After The Contracting Officer's Final Decision Was Issued

This Court lacks jurisdiction to entertain Count I of the supplemental complaint, which challenges the September 1, 2006 contracting officer's final decision, because Metrotop filed the complaint more than 12 months after the final decision was issued. It is well-established that this Court is one of limited jurisdiction. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). Congressional consent to suit in

this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Yancheng Baolong Biochemical Prods. Co. v. United States, 406 F.3d 1377, 1382 (Fed. Cir. 2005). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969).

The statutory waiver of sovereign immunity in the CDA must be strictly construed. Cosmic Constr. Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982); Gregory Lumber Co. v. United States, 229 Ct. Cl. 762, 763 (1982). Title 41, United States Code, section 605(b) provides that "the contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal or Government agency unless an appeal or suit is timely commenced as authorized by this chapter." The CDA further provides that an action appealing a contracting officer's final decision in this Court "shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim." 41 U.S.C. § 609(a)(3) (emphasis added).

There may be no exception to the CDA's explicit time limitation absent Congressional action or authority to recognize an exception. Renda Marine, Inc. v. United States, 71 Fed. Cl. 782, 795-96 (2006) (citing Hart v. United States, 910 F.2d 815, 819 (Fed. Cir. 1990) ("Courts are not free to engraft exceptions on the statute of limitations. Should Congress so desire, it may lengthen the time for bringing suit against the government."); Gregory Lumber, 229 Ct. Cl. at 763 ("Congress has set the twelve-months limit, and this court cannot and should not read into it exceptions and tolling provisions Congress did not contemplate or authorize.")); see also Placeway Constr. Corp. v. United States, 713 F.2d 726, 728 (Fed. Cir. 1983) (holding court

lacked jurisdiction where it had "no authority to waive th[e] statutorily imposed period" for filing an appeal from the various boards of contract appeals); Cosmic Constr., 697 F.2d at 1390 (affirming Armed Services Board of Contract Appeals' decision that it lacked authority to waive statute of limitations and noting "[a] contract clause is not a statute waiving immunity and defining jurisdiction.") Since neither Congressional action nor authority to waive the time period was present in this case, Count I was untimely filed and must be dismissed for lack of jurisdiction.

Metrotop contends that this Court possesses jurisdiction to entertain Count I because Mr. Johnson granted it an extension of time to appeal the final decision. Although Mr. Johnson may have assented to Metrotop's request for an extension of time to appeal the final decision, "[p]arties cannot, by agreement, confer upon a tribunal jurisdiction that it otherwise would not have." United Pac. Ins. Co. v. Roche, 380 F.3d 1352, 1356-57 (Fed. Cir. 2004) (citing Fla. Power & Light Co. v. United States, 307 F.3d 1364, 1370 (Fed. Cir. 2002) ("Contractual language . . . cannot confer jurisdiction" under the CDA)). Just as a contracting officer cannot waive jurisdictional prerequisites required by the CDA, Mr. Johnson similarly lacked authority to extend the statute of limitations set by Congress. See, e.g., W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338 (Fed. Cir. 1983) ("[T]he fact that a contracting officer has rendered a final decision on the merits of an uncertified claim was of no consequence, since the officer had no authority to waive a requirement that Congress had imposed.") (internal citations omitted); Conoc Constr. Corp. v. United States, 3 Cl. Ct. 146, 148 (1983).

In enacting the CDA, Congress unambiguously established the statute of limitations for appealing a contracting officer's final decision at 12 months. In this case, Metrotop filed its

appeal over 14 months after it received the September 1, 2006 decision. Once 12 months past, the contracting officer's decision became final and unreviewable by this Court. Since Mr. Johnson's July 26, 2007 letter was not authorized by Congress, this Court does not possess jurisdiction to entertain Count I of the supplemental complaint.

## III. This Court Lacks Jurisdiction To Entertain Count II Because It Was Filed Less Than 60 Days After The Agency Received The Claim At Issue

This Court likewise does not possess jurisdiction to entertain Count II of the supplemental complaint because Metrotop did not wait 60 days after GSA received the claim before appealing the agency's decision. Title 41, United States Code, section 605(c)(2) requires a contracting officer to issue a decision or notify the contractor of the time within which a decision will be issued "within sixty days of receipt of a submitted certified claim." 41 U.S.C. § 605(c)(2) (emphasis added). As stated above, once a final decision is issued, the contractor has 12 months from the date it receives the decision to bring action in this Court. 41 U.S.C. § 609(a)(3). If the contracting officer does not issue a decision within the period required, the claim is deemed denied and the contractor is authorized to seek review of the decision. 41 U.S.C. § 605(c)(5). "The linchpin for appealing claims under the Contract Disputes Act is the contracting officer's 'decision.'" Scott Aviation v. United States, 20 Cl. Ct. 780, 781 (1990) (internal citations omitted). Submitting a claim and obtaining a decision on that claim from the contracting officer are "jurisdictional prerequisite[s] to the filing of a complaint relative to the claim in this court." Id. (internal citations omitted).

This Court has routinely held that absent the passage of 60 days from the day the claim is received by the contracting officer, a claim cannot be deemed denied, and the CDA's

jurisdictional requirements have not been satisfied. E.g., Sipco Servs. & Marine, Inc. v. United States, 30 Fed. Cl. 478, 484-85 (1994); Mendenhall v. United States, 20 Cl. Ct. 78, 84 (1990); Claude E. Atkins Enters., Inc. v. United States, 15 Cl. Ct. 644, 646-47 (1988). Such claims are deemed prematurely filed. Sipco, 30 Fed. Cl. at 484. The passage of time after the filing of an action does not cure this jurisdictional defect. Mendenhall, 20 Cl. Ct. at 84 (citing Atkins, 15 Cl. Ct. at 646).

In this case, although Metrotop satisfied the first jurisdictional requirement by submitting a valid claim for review, it did not satisfy the second requirement. Ms. Campione never issued a final decision on the claim. Exh. 2, ¶ 12. Additionally, the claim could not be deemed denied at the time the supplemental complaint was filed. Although Ms. Campione was consciously watching for any mail from Metrotop, she did not receive the claim when it was allegedly mailed both regular and certified mail on October 30, 2007. Exh. 2, ¶¶ 6, 11. Further, Metrotop's counsel admittedly did not receive a returned certified mail receipt. Exh. 1. GSA and Ms. Campione finally received the claim when Metrotop resubmitted it, per GSA's request, on December 13, 2007. Exh. 2, ¶¶ 7-11. Until that time, Ms. Campione was not aware that she was under an obligation to act on this claim. Exh. 2, ¶ 11.

The supplemental complaint was filed on January 30, 2008 – only 48 days after GSA received the claim. The 60-day period required by the CDA had not passed, and the claim was not deemed denied. Accordingly, Metrotop filed Count II prematurely, and the passage of time since the filing of the complaint has not cured the deficiency. Mendenhall, 20 Cl. Ct. at 84 (citing Atkins, 15 Cl. Ct. at 646). Therefore, this Court does not possess jurisdiction to entertain Count II of the supplemental complaint.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court dismiss the supplemental complaint.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

March 20, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20th day of March, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN