RICHARD L. ZUCKER, ESQ.
LASSER HOCHMAN, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700
Attorneys for Plaintiff Metrotop Plaza Associates

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

METROTOP PLAZA ASSOCIATES,

Plaintiff,

-vs-

UNITED STATES OF AMERICA,

Defendant.

No. 07-811C

(Judge John P. Wiese)

**CERTIFICATION OF DINAH HENDON IN OPPOSITION TO MOTION TO DISMISS FIRST COUNT OF COMPLAINT**

DINAH HENDON, of full age, certifies as follows:

1. I am an associate with Lasser Hochman, L.L.C., attorneys for plaintiff Metrotop Plaza Associates (hereinafter "Metrotop"), and I am familiar with the facts set forth herein.

2. The information contained herein is based upon my personal knowledge and upon the books and records of Lasser Hochman, LLC made and maintained in the regular course of its business.

3. On or about August 23, 2000, Metrotop and the United States entered into a Lease for Real Property (hereinafter "LRP") with respect to approximately 10, 688 BOMA rentable square feet of office space located on part of the first floor of the premises known and designated as 111 Wood Avenue South, Iselin, New Jersey, together with 40 on-site parking spaces, to be used for office and related uses. The LRP was designated as Lease No. GS-02B-23116 in Building No. NJ4600ZZ.

4. Paragraph 3.3(e) on page 8 of the LRP provides, in relevant part, as follows:

> The Government shall make a single lump sum payment to the Lessor for its share of any increase in real estate taxes during the lease term over the amount established as the base year taxes * * *. The amount of lump sum payment * * * shall be based upon evidence of valuation and payment submitted by the Lessor to the Contracting Officer in accordance with paragraph (d).
>
> (1) In the event of an increase in taxes over the base year, the Lessor shall submit a proper invoice of the tax adjustment including the calculation thereof together with evidence of payment to the Contracting Officer. The Government shall be responsible for payment of any tax increase over the base year taxes only if proper invoice and evidence of payment is submitted by the Lessor within sixty (60) calendar days after the date the tax payment is due from the Lessor to the taxing authority. The due date for making payment shall be the thirtieth (30th) calendar day after the anniversary date of this lease, whichever is later.

5. According to paragraph 3.3(b) on page 7 of the LRP, the base year taxes "are the real estate taxes for the first twelve (12) month period coincident with full assessment." In this case, the base year taxes were the real estate taxes assessed against the building and lot upon which the building is located for calendar year 2001, namely, $213,720.00.

6. Pursuant to and in accordance with paragraph 3.3(e) on page 8 of the LRP, Metrotop invoiced the Government $2,087.72 and $18,582.58 for tax increases for 2002 and 2003, respectively, over the base year, and the United States paid the $2,087.72 and the $18,582.58 to Metrotop.

7. By letter dated July 27, 2006, a copy of which is attached hereto as Exhibit A, the United States advised Metrotop that "the base year which we used to calculate the real estate tax

escalations were incorrect" and that the $2,087.72 and the $18,582.58 were "paid * * * in error."

8. By letter dated September 1, 2006, a copy of which is attached hereto as Exhibit B, Evanthia Campione, the contracting officer for the General Services Administration, wrote to Metrotop and again took the position that "[t]he Government paid you in error for real estate tax escalations for tax years 2002 and 2003 in the sum of $20,670.30." The letter continued:

> This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

9. By letter dated September 14, 2006, a copy of which is attached hereto as Exhibit C, Richard Stewart of Lasser Hochman, L.L.C. sent a letter to John Sparozic, the author of the July 27, 2006 letter attached hereto as Exhibit A. Neither Mr. Sparozic nor any representative of the General Services Administration responded to Mr. Stewart's letter.

10. On or about February 15, 2007, I had a telephone conversation with Evanthia Campione, the author of the September 1, 2006 letter attached hereto as Exhibit B. Following that conversation, and at her specific request, I faxed to her, among other things, a copy of the plaintiff's

ledger showing the outstanding real estate taxes for 2004, 2005 and 2006. A copy of the fax cover sheet, ledger (dated 1/25/07) and fax confirmation are attached hereto as Exhibit D.

11. I left messages for Ms. Campione on her voice mail and on March 12, 2007, I had another telephone conversation with her. Following that conversation, and at her specific request, I faxed to her a copy of the September 14, 2006 letter that Mr. Stewart had sent to Mr. Sparozic, which said letter is attached hereto as Exhibit C. A copy of the fax cover sheet and fax confirmation are attached hereto as Exhibit E.

12. Notwithstanding my telephone conversations with Ms. Campione and her receipt of the documents that I sent to her on February 12, 2007 and March 12, 2007, she did not get back to me regarding the government's position regarding the unpaid real estate taxes. I left one or more messages on her voice mail, and when she did not return my call(s), I faxed her a letter on April 12, 2007. A copy of the letter and a copy of the fax confirmation are attached hereto as Exhibit F.

13. On or about May 29, 2007, I had a telephone conversation with John Sparozic. Following that conversation, and at his specific request, I faxed to him (a) a copy of the plaintiff's ledger (dated 5/23/07) showing the outstanding real estate taxes for 2004, 2005, and 2006, (b) a copy of the July 27, 2007 letter attached hereto as Exhibit A, (c) a copy of the September 1, 2006 letter attached hereto as Exhibit B, and (d) a copy of the September 14, 2006 letter attached hereto as Exhibit C. A copy of the fax cover sheet, the ledger and the fax confirmation are attached hereto as Exhibit G.

14. On or about June 6, 2007, I had a telephone conversation with Eugene Saxon, whom I was advised was another financial analyst with the General Services Administration. According to Mr. Saxon, he was reviewing the file and the work of Ms. Campione. Mr. Saxon also told me that his supervisor would be looking at this matter and that he, Mr. Saxon, anticipated that a letter would

be sent to me by the following week.

15. I did not receive the promised letter by the following week, or at any time, and my telephone attempts to speak with Mr. Saxon were not successful.

16. However, on July 19, 2007, I did have a second telephone conversation with Eugene Saxon, the substance of which was memorialized in the first paragraph of a letter that I faxed to him late that afternoon. I also faxed a copy of the letter to John Sparozic. A copy of the fax cover sheet, the letter, and the fax confirmations are attached hereto as Exhibit H.

17. Significantly, and contrary to the unverified statement on page 7 of the United States' pending motion to dismiss, my letter of July 19, 2007 did not request an extension of time to appeal Ms. Campione's final decision of September 1, 2006. Rather, my letter concluded with the following paragraph:

> If I do not hear from you by Monday, July 23, 2007 and we cannot work out a suitable resolution of this matter, I will proceed to protect my client's rights by taking all action permitted to the landlord pursuant to the Lease Agreement.

18. When I did not hear from Mr. Saxon, or any other representative of the General Services Administration, by Monday, July 23, 2007, Metrotop was prepared to file a timely appeal from Ms. Campione's final decision of September 1, 2006. However, on or about Thursday, July 26, 2007, Mark S. Johnson, assistant regional counsel for the General Services Administration, telephoned me regarding the dispute involving the outstanding real estate taxes. This was my first communication with Mr. Johnson.

19. Mr. Johnson advised me that the GSA wished to discuss settlement of the dispute. I told him that we were agreeable to discussing settlement, but that we would in any event have to file a complaint by September 1, 2007, to protect our client's rights. Mr. Johnson said that this

would not be necessary, and that the GSA would extend our time to file a complaint for ninety (90) days in order to allow settlement discussions to take place.

20. Mr. Johnson memorialized the substance of our conversation in a letter dated July 26, 2007, a copy of which is attached hereto as Exhibit I. The second paragraph of his letter was clear and unequivocal:

> I hereby agree, on behalf of GSA, that if we have been unable to execute a supplemental lease agreement resolving this matter by September 5, 2007, that the time for Metrotop Plaza Associates to appeal the final contracting officer's decision of Evanthia Campione dated September 1, 2006 shall be deemed extended to December 5, 2007 without any additional action or writing by your client.

In reliance upon this extension of time by Mr. Johnson, Metrotop did not bring an action directly on the claim in this court within twelve months from the date of the receipt by Metrotop of the September 1, 2006 decision of the contracting officer concerning the claim.

21. In the first paragraph of Mr. Johnson's letter of July 26, 2007, he stated that "GSA will transmit a letter to you next week proposing a settlement of the dispute in the above captioned matter." Next week came and went, and no letter was forthcoming from the GSA, However, by letter dated August 21, 2007, received August 22, 2007, ten (10) days short of September 1, 2007, Ms. Campione addressed a letter to Metrotop. A copy of the letter, without the 4-page enclosure, is attached hereto as Exhibit J.

22. The proposal set forth in Ms. Campione's letter of August 21, 2007 was not acceptable to Metrotop, and on November 19, 2007, within the time frame afforded by Mr. Johnson in his letter of July 26, 2007, Metrotop filed its complaint in this matter against the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Dinah Hendon
DINAH HENDON

Dated: May 21, 2008