RICHARD L. ZUCKER, ESQ.
LASSER HOCHMAN, L.L.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-2700
Attorneys for Plaintiff Metrotop Plaza Associates

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

METROTOP PLAZA ASSOCIATES,

Plaintiff,

-vs-

UNITED STATES OF AMERICA,

Defendant.

No. 07-811C

(Judge John P. Wiese)

**CERTIFICATION OF RICHARD L. ZUCKER IN OPPOSITION TO MOTION TO DISMISS SECOND COUNT OF COMPLAINT**

RICHARD L. ZUCKER, of full age, certifies as follows:

1. I am a member of Lasser Hochman, L.L.C., attorneys for plaintiff Metrotop Plaza Associates (hereinafter "Metrotop"), and I am familiar with the facts set forth herein.

2. The information contained herein is based upon my personal knowledge and upon the books and records of Lasser Hochman, LLC made and maintained in the regular course of its business.

3. On or about August 23, 2000, Metrotop and the United States entered into a Lease for Real Property (hereinafter "LRP") with respect to approximately 10, 688 BOMA rentable square feet of office space located on part of the first floor of the premises known and designated as 111 Wood Avenue South, Iselin, New Jersey, together with 40 on-site parking spaces, to be used for office and related uses. The LRP was designated as Lease No. GS-02B-23116 in Building No. NJ4600ZZ.

4. Paragraph 3.3(e) on page 8 of the LRP provides, in relevant part, as follows:

> The Government shall make a single lump sum payment to the Lessor for its share of any increase in real estate taxes during the lease term over the amount established as the base year taxes * * *. The amount of lump sum payment * * * shall be based upon evidence of valuation and payment submitted by the Lessor to the Contracting Officer in accordance with paragraph (d).
>
> (1) In the event of an increase in taxes over the base year, the Lessor shall submit a proper invoice of the tax adjustment including the calculation thereof together with evidence of payment to the Contracting Officer. The Government shall be responsible for payment of any tax increase over the base year taxes only if proper invoice and evidence of payment is submitted by the Lessor within sixty (60) calendar days after the date the tax payment is due from the Lessor to the taxing authority. The due date for making payment shall be the thirtieth (30th) calendar day after the anniversary date of this lease, whichever is later.

5. According to paragraph 3.3(b) on page 7 of the LRP, the base year taxes "are the real estate taxes for the first twelve (12) month period coincident with full assessment." In this case, the base year taxes were the real estate taxes assessed against the building and lot upon which the building is located for calendar year 2001, namely, $213,720.00.

6. This litigation involves, among other things, the failure of the United States to pay any moneys to Metrotop on account of increased real estate taxes for tax years 2004-2007.

7. By letter dated August 21, 2007, a copy of which (without enclosures) is attached hereto as Exhibit A, Evanthia Campione of the General Services Administration sent a settlement proposal to Metrotop regarding the outstanding real estate tax increases for 2003-2006. Metrotop did not accept the government's offer.

8. On October 26, 2007, I prepared a letter to be sent to Ms. Campione asserting a claim by Metrotop against the United States relating to the Lease No. GS-02B-23116. The claim was in excess of $100,000.00. Consequently, in compliance with 41 U.S.C. §605(c)(1), I arranged for Ivan Sobel of Metrotop to "certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor."

9. Mr. Sobel signed the required certification on October 29, 2007, and I received it from him on October 30, 2007.

10. On October 30, 2007, I instructed my secretary to insert the date of October 30, 2007 on the claim letter to be sent to Ms. Campione and to mail the claim letter to her by both regular mail and certified mail, return receipt requested. In accordance with my firm's mailing procedures, my secretary prepared two identical copies of the letter and two identical envelopes with labels addressed to "Ms. Evanthia Campione, Contracting Officer, Account Management Division, U.S. General Services Administration, Jacob K. Javits Federal Building, 26 Federal Plaza, New York, New York 10278." The labels had my firm's return address printed on them. A copy of the letter was inserted in each envelope. Sufficient postage for each envelope was placed on each envelope, and, again in accordance with our office policy, the two envelopes with my October 30, 2007 letter were hand-delivered to the post office in Roseland, New Jersey, together with all other outgoing mail, on October 30, 2007. A copy of the October 30, 2007 letter is attached hereto as Exhibit B, and a copy of the certified mail receipt attached to my file copy of the letter is attached hereto as Exhibit C.

11. Neither the envelope and its contents that I sent via regular mail nor the envelope and

its contents that I sent via certified mail, return receipt requested, has been returned to me.

12. The receipt card that was attached to the envelope that I sent via certified mail has not been returned to me either. Although this is an uncommon experience when certified mail has been received by the addressee, it has occurred during my legal career. More importantly, when regular mail and/or certified mail that I have sent is not received by the addressee, my experience is that the envelope and its contents are returned to me.

13. On December 13, 2007, I had a telephone conversation with Mark Johnson, a man who identified himself as an attorney with the General Services Administration. During that conversation, I inquired as to the government's position regarding the letter that I had sent to Ms. Campione on October 30, 2007. He told me that he was not familiar with the letter and asked that I send him a copy. Following our conversation, I sent an e-mail to Mr. Johnson on December 13, 2007, and attached to the e-mail was a copy of Exhibit B attached hereto, my October 30, 2007 letter with the enclosures. A copy of my e-mail, without the attachment, is attached hereto as Exhibit D.

14. In paragraph 11 of the March 18, 2008 declaration of Evanthia Campione, she asserts that she did not receive my October 30, 2007 letter until December 13, 2007. She also asserts, in paragraph 12 of her declaration, that she has not "issued a final decision on the claim presented in the October 30, 2007 letter", and this despite the fact that she has had the letter since at least December 13, 2007. In light of Ms. Campione's letter of August 21, 2007, attached hereto as Exhibit A, it is clear to me that she has no intention whatsoever of issuing a decision that will accept Metrotop's claim as set forth in my letter of October 30, 2007 which is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Richard L. Zucker
RICHARD L. ZUCKER

Dated: May 21, 2008