No. 07-811C
(Senior Judge Wiese)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

METROTOP PLAZA ASSOCIATES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. McCARTHY
Assistant Director

DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

June 23, 2008

Attorneys for Defendant

## TABLE OF CONTENTS

ARGUMENT. . . . . . . . . . 2

I. Subject Matter Jurisdiction Can Be Raised At Any Time. . . . . . . . . . 2

II. Metrotop Fails To Establish That It Timely Filed Count I Or That The Doctrines Of Equitable Tolling Or Equitable Estoppel Permit Its Untimely Filing. . . . . . . . . . 3

A. Metrotop Filed Count I More Than 12 Months After The Contracting Officer Issued Her Final Decision . . . . . . . . . . 3

B. The Contracting Officer's August 21, 2007 Letter Did Not Suspend The Finality Of Her Final Decision . . . . . . . . . . 4

C. The Doctrine Of Equitable Tolling Is Inapplicable. . . . . . . . . . 7

D. The Government Is Not Equitably Estopped From Raising A Motion To Dismiss For Lack Of Jurisdiction . . . . . . . . . . 10

III. Metrotop Fails To Establish That Count II Was Filed More Than 60 Days After The Contracting Officer Received The Claim . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . 13

## TABLE OF AUTHORITIES

### CASES

Am-Pro Protective Agency, Inc. v. United States,
281 F.3d 1234 (Fed. Cir. 2002). . . . . . . . . . 2

Arono, Inc. v. United States,
49 Fed. Cl. 544 (2001). . . . . . . . . . 5, 6

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993). . . . . . . . . . 2

Carolina Tobacco Co. v. Bureau of Customs & Border Protection,
402 F.3d 1345 (Fed. Cir. 2005). . . . . . . . . . 2

Conner Brothers Constr. Co. v. United States,
65 Fed. Cl. 657 (2005). . . . . . . . . . 10, 11

Cosmic Constr. Co. v. United States,
697 F.2d 1389 (Fed. Cir. 1982). . . . . . . . . . 2, 3, 4

Data Computer Corp. v. United States,
80 Fed. Cl. 606 (2008). . . . . . . . . . 11

Dion v. United States,
137 Ct. Cl. 166 (1956) . . . . . . . . . . 10

Goetz v. Sec. of Health & Human Servs.,
45 Fed. Cl. 340 (1999). . . . . . . . . . 8, 9, 10

Gregory Lumber Co. v. United States,
229 Ct. Cl. 762 (1982). . . . . . . . . . 2, 3

Hart v. United States,
910 F.2d 815 (Fed. Cir. 1990).. . . . . . . . . . 3

Heckler v. Comm. Health Servs. of Crawford Cty., Inc.,
467 U.S. 51 (1984).. . . . . . . . . . 10

Janicki Logging Co. v. United States,
124 F.3d 226 (Fed. Cir. 1997). . . . . . . . . . 9

Japanese War Notes Claimants Ass'n v. United States,
373 F.2d 356 (Ct. Cl. 1967). . . . . . . . . . 9

John R. Sand & Gravel Company v. United States,
-- U.S. --
128 S. Ct. 750 (2008). . . . . . . . . . 4, 7, 8, 10

Kelley v. Sec., United States Dep't of Labor,
812 F.2d 1378 (Fed. Cir. 1987). . . . . . . . . . 8

McNutt v. Gen. Motors Acceptance Corp.,
298 U.S. 178 (1936). . . . . . . . . . 3

Mendenhall v. United States,
20 Cl. Ct. 78 (1990). . . . . . . . . . 12

Placeway Constr. Corp. v. United States,
713 F.2d 726 (Fed. Cir. 1983). . . . . . . . . . 4

Precision Piping, Inc. v. United States,
230 Ct. Cl. 741 (1982). . . . . . . . . . 5

Renda Marine, Inc. v. United States,
71 Fed. Cl. 782 (2006). . . . . . . . . . 3

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988). . . . . . . . . . 3

Rumsfeld v. United Tech. Corp.,
315 F.3d 1361 (Fed. Cir. 2003). . . . . . . . . . 10

Scott Aviation v. United States,
20 Cl. Ct. 780 (1990). . . . . . . . . . 12

Sipco Servs. & Marine, Inc. v. United States,
30 Fed. Cl. 478 (1994). . . . . . . . . . 12

Tecom, Inc. v. United States,
66 Fed. Cl. 736 (2005). . . . . . . . . . 2

United States v. Armstrong,
517 U.S. 456 (1996). . . . . . . . . . 2

United States v. Chem. Found., Inc.,
272 U.S. 1 (1926). . . . . 2

United States v. Dalm,
494 U.S. 596 (1990). . . . . 8

Vepco of Sarasota, Inc. v. United States,
26 Cl. Ct. 639 (1992). . . . . 5, 6

W.M. Schlosser Co. v. United States,
705 F.2d 1336 (Fed. Cir. 1983). . . . . 11

Wertz v. United States,
51 Fed. Cl. 443 (2002). . . . . 11

Zacharin v. United States,
213 F.3d 1366 (Fed. Cir. 2000). . . . . 10

**STATUTES**

41 U.S.C. § 601. . . . . 2

41 U.S.C. § 605(b). . . . . 2, 3, 8, 9, 11

41 U.S.C. § 609(a)(3) . . . . . 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| METROTOP PLAZA ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-811C |
| | ) | |
| v. | ) | (Senior Judge Wiese) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to plaintiff's response to our motion to dismiss the supplemental complaint. In our opening brief, we established that the Court lacked jurisdiction to entertain the supplemental complaint because Count I is untimely and Count II is unripe. In its response, plaintiff, Metrotop Plaza Associates ("Metrotop"), alleges that the Government acted improperly in raising this issue. Further, it argues that Count I should not be dismissed because the contracting offer reconsidered her position, thereby extending the time for filing the complaint, or, alternatively, that the doctrine of equitable tolling or equitable estoppel should apply to this case and that Metrotop has established the elements of both doctrines here. Additionally, Metrotop alleges that Count II should not be dismissed because the Court should conclude that the agency received the claim letters more than 60 days before it filed its amended complaint, or, alternatively, that dismissing the claim to afford the contracting officer the statutory prescribed time to issue a decision would be pointless. For the reasons set forth below, none of plaintiff's arguments is availing and the complaint should be dismissed.

## ARGUMENT

### I. Subject Matter Jurisdiction Can Be Raised At Any Time

As a preliminary matter, Metrotop's response suggests that the Government's motion was filed in bad faith and solely to waste time. Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). The Contract Disputes Act, of 1978, 41 U.S.C. § 601, et seq. ("CDA"), provides a clear waiver of sovereign immunity which must be strictly construed. 41 U.S.C. § 605(b); Cosmic Constr. Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982); Gregory Lumber Co. v. United States, 229 Ct. Cl. 762, 763 (1982).

Metrotop has failed to proffer any evidence of bad faith, much less evidence sufficient to overcome the presumption that Government officials carry out their duties in good faith. Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1239 (Fed. Cir. 2002) (identifying strong presumption that Government officials act in good faith); Carolina Tobacco Co. v. Bureau of Customs & Border Protection, 402 F.3d 1345, 1350 (Fed. Cir. 2005) (citing United States v. Armstrong, 517 U.S. 456, 464 (1996); United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926)) ("Government officials are presumed to do their duty, and one who contends they have not done so must establish that defect by 'clear evidence'"). But see Tecom, Inc. v. United States, 66 Fed. Cl. 736 (2005). The Government filed its motion because the Court lacks jurisdiction to entertain the merits of this case.

## II. Metrotop Fails To Establish That It Timely Filed Count I Or That The Doctrines Of Equitable Tolling Or Equitable Estoppel Permit Its Untimely Filing

### A. Metrotop Filed Count I More Than 12 Months After The Contracting Officer Issued Her Final Decision

This Court lacks jurisdiction to entertain Count I of Metrotop's complaint because it was filed more than 12 months after the contracting officer issued her final decision on the claim. Once the United States challenges jurisdiction, the plaintiff bears the burden to establish jurisdiction. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

As noted above, the statutory waiver of sovereign immunity in the CDA must be strictly construed. Cosmic Constr. Co. v. United States, 697 F.2d at 1390; Gregory Lumber, 229 Ct. Cl. at 763. Title 41, United States Code, section 605(b) provides that "the contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal or Government agency unless an appeal or suit is timely commenced as authorized by this chapter." (emphasis added). The CDA further provides that an action appealing a contracting officer's final decision in this Court "shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim." 41 U.S.C. § 609(a)(3) (emphasis added).

There may be no exception to the CDA's explicit time limitation absent Congressional action or authority to recognize an exception. Gregory Lumber, 229 Ct. Cl. at 763 ("Congress has set the twelve-months limit, and this court cannot and should not read into it exceptions and tolling provisions Congress did not contemplate or authorize."); Renda Marine, Inc. v. United States, 71 Fed. Cl. 782, 795-96 (2006) (citing Hart v. United States, 910 F.2d 815, 819 (Fed. Cir.

1990)) ("Courts are not free to engraft exceptions on the statute of limitations. Should Congress so desire, it may lengthen the time for bringing suit against the government."); see also Placeway Constr. Corp. v. United States, 713 F.2d 726, 728 (Fed. Cir. 1983) (holding court lacked jurisdiction where it had "no authority to waive th[e] statutorily imposed period" for filing an appeal from the various boards of contract appeals); Cosmic Constr., 697 F.2d at 1390 (affirming Armed Services Board of Contract Appeals' decision that it lacked authority to waive statute of limitations and noting "[a] contract clause is not a statute waiving immunity and defining jurisdiction.") This doctrine was most recently reaffirmed by the Supreme Court in John R. Sand & Gravel Company v. United States, -- U.S. --, 128 S. Ct. 750 (2008), where the Court held that the doctrine of equitable tolling cannot be applied to suspend the statute of limitations period for bringing suit in the Court of Federal Claims. 128 S. Ct. at 755-56.

As established in our opening brief, the contracting officer issued the final decision that Metrotop appeals in Count I on September 1, 2006, and Metrotop did not file its complaint until November 17, 2007. Accordingly, Count I should be dismissed as untimely.

### B. The Contracting Officer's August 21, 2007 Letter Did Not Suspend The Finality Of Her Final Decision

Metrotop first argues that Count I of its complaint, which was filed on November 19, 2007, is timely because the contracting officer reconsidered the merits of her decision, thereby suspending the finality of the decision until at least August 21, 2007. Metrotop argues that it sent a letter to the General Services Administration ("GSA") on September 14, 2006, expressing its disagreement with the contracting officer's September 1, 2006 final decision, and that its subsequent correspondence with GSA culminating in a letter from the contracting officer on

August 21, 2007, was a reconsideration of the final decision which suspended the finality of the decision. It is clear from the correspondence between GSA and Metrotop that Metrotop did not request reconsideration and GSA's August 21, 2007 letter was a settlement proposal, not a reconsideration of the previous final decision. Therefore, the contracting officer did not suspend the finality of the final decision and Count I of Metrotop's complaint should be dismissed as untimely.

Metrotop relies upon Arono, Inc. v. United States, 49 Fed. Cl. 544 (2001), to argue that the contracting officer's August 21 letter was a reconsideration of the final decision which served to suspend the finality of the final decision. Arono is not only not controlling, but also is readily distinguishable from this case. The Court in Arono specifically noted that determining whether the finalization was suspended requires 1) a determination that the contractor sought reconsideration; and 2) that the contracting officer recognized the request. 49 Fed. Cl. at 549. In this case, Metrotop did not seek reconsideration. And, even if Metrotop's letter could be construed as a request for reconsideration, the contracting officer did not recognize the request.

First, Metrotop's September 14, 2006 letter was not a request for reconsideration. Although the period for appeal or review under the CDA may be tolled where the contracting officer considers a contractor's timely presented request for reconsideration, rehearing or a new trial, unlike the contractor in Arono, Metrotop did not request reconsideration. Vepco of Sarasota, Inc. v. United States, 26 Cl. Ct. 639, 645 (1992) (citing Precision Piping, Inc. v. United States, 230 Ct. Cl. 741, 743 (1982)). In Arono, the contractor's letter contained a clear demand for reconsideration. The letter "demanded that the contracting officer retract her final decision

and honor the government's lease obligation. . . . Such a demand demonstrates that Arono was requesting reconsideration of the CO's termination for default decision." Id. at 549.

Here, Metrotop's September 14, 2006 letter, which was not even addressed to the contracting officer, did not request reconsideration. Certification of Dinah Hendon (Docket Entry 15) ("Hendon Certif."), Ex. C. Rather, it simply sets forth the basis for Metrotop's disagreement with the final decision noting, "it is our client's position that your request for reimbursement of the real estate tax escalations paid by you and set forth in your letter is without merit." Notably, Metrotop's response to our motion to dismiss never characterizes the letter as a request for reconsideration. The letter does not request reconsideration or any response whatsoever from GSA. Accordingly, there was no request for reconsideration which could suspend the finality of the September 1, 2006 final decision.

Second, even if Metrotop's September 14 letter were construed as a request for reconsideration, there would be no indication that the contracting officer, or anyone at GSA, recognized it as such. Unlike the cases cited by Metrotop, here, there is no express reconsideration of the final decision in this case. In contrast, in Vepco, the Court discerned no specific actions amounting to a request for reconsideration; it inferred such a request because the agency expressly reconsidered its final decision. 26 Cl. Ct. at 645. In Arono, the Court specifically noted that it did not evaluate the partes' settlement negotiations in deciding whether the contracting officer reviewed the request for reconsideration because there was clear evidence of reconsideration outside the scope of settlement. Id. at 551.

In this case, unlike Vepco and Arono, there is no clear evidence of reconsideration. GSA did not acknowledge or respond to the September 14 letter, even after it was faxed to the

contracting officer on March 12, 2007. Hendon Certif. ¶ 9, 11. GSA's correspondence in July and August 2007 were clearly settlement proposals. They did not retreat from the final decision, or in any way propose that GSA was reconsidering its position. In fact, the August 21, 2007 letter does not even refer to both of the tax years discussed in the initial final decision and the correspondence. Hendon Certif., Ex. J. Rather, GSA repeatedly identified the correspondence as settlement offers presented to Metrotop in the interest of resolving the entire dispute including the 2004-2007 tax escalation payments. Hendon Certif., Ex. I ("GSA will transmit a letter to you next week proposing a settlement of the dispute in the above captioned matter"); Ex. J ("[I]n the interest of resolving this matter . . ."). Further, as evidenced by Metrotop's communications regarding the timing to appeal the final decision, discussed below, even Metrotop's counsel viewed the correspondence in the context of settlement negotiations rather than reconsideration of the final decision. Herndon Certif., ¶¶ 18-19. Accordingly, Metrotop's current attempt, in hindsight, to identify the settlement negotiations as a disposition on a request for reconsideration of the final decision fails, and Count I should be dismissed as untimely.

### C. The Doctrine Of Equitable Tolling Is Inapplicable

Metrotop next argues that even if the contracting officer did not suspend the finality of the decision, the Court should invoke the doctrine of equitable tolling to suspend the statute of limitations because Mark Johnson, counsel for GSA, allegedly granted it an extension of time to appeal the final decision. Consistent with the Supreme Court's recent holding in John R. Sand, the doctrine of equitable tolling does not apply in this case because the CDA contains an express waiver of sovereign immunity that provides this Court with jurisdiction to review final decisions

of contracting officers only when an appeal of the final decision is "timely commenced" in accordance with the CDA. 41 U.S.C. § 605(b).

Additionally, even if equitable tolling were applicable to CDA cases, the facts of this case would not support the application of the doctrine of equitable tolling. As noted by this Court in Goetz v. Secretary of Health and Human Services, 45 Fed. Cl. 340, 342 (1999), "[i]gnorance of one's rights is not enough to toll the statute of limitations. Equitable tolling serves to extend the running of the statute of limitations in two situations: when a defendant conceals the facts supporting a claim, or where the cause of action is inherently unknowable."

First, although Metrotop correctly notes that there are situations in which equitable tolling can be applied in cases against the Government, Metrotop's argument that John R. Sand does not apply to bar the application of equitable tolling to this case is without merit. In John R. Sand, the Court noted that while there are statutes of limitations that are subject to equitable tolling, statutes intended to achieve broader goals such as "facilitating the administration of claims" and "limiting the scope of a governmental waiver of sovereign immunity" are more absolute and courts are forbidden from considering "whether equitable considerations warrant extending the limitations period." Id. at 753 (citing United States v. Brockamp, 519 U.S. 347, 352-53 (1997); United States v. Dalm, 494 U.S. 596, 609-10 (1990)). Where Congress has explicitly limited its waiver of sovereign immunity, courts "must be careful not to interpret [the statute] in a manner that would extend the waiver beyond that which Congress intended." Dalm, 494 U.S. at 608 (internal citations omitted). Where a statute of limitations period limits the scope of the waiver of sovereign immunity, the Federal Circuit has even held pro se litigants to an extremely strict standard. Kelley v. Sec., United States Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The CDA expressly states that it intends to waive sovereign immunity for the review of contracting officer final decisions, only where "an appeal or suit is timely commenced as authorized by this chapter." 41 U.S.C. § 605(b). As such, the doctrine of equitable tolling should not be applied to a claim brought pursuant to the CDA.[1]

Second, even if equitable tolling could be used to suspend the time for filing Count I of Metrotop's complaint, the facts of this case do not give rise to the application of equitable tolling. Equitable tolling only functions to suspend the limitations period "when a defendant conceals the facts supporting a claim, or where the cause of action is inherently unknowable." Goetz, 45 Fed. Cl. at 342 (citing Japanese War Notes Claimants Ass'n v. United States, 373 F.2d 356, 359 (Ct. Cl. 1967)). The doctrine does not apply where, as here, the agreement to extend the limitations period did not obscure the facts of the claim, nor was the law regarding the strict interpretation of the time limitation inherently unknowable. See id. The facts giving rise to this case are not in dispute and were, therefore, not obscured. Further, as established in our opening brief, the law is clear that Mr. Johnson did not have authority to extend the scope of Congress's waiver of sovereign immunity. Metrotop's argument that Mr. Johnson's mistaken assertion was the product of a deliberate attempt to trick Metrotop or a lack of competence[2] is without merit and irrelevant to this Court's evaluation of whether to toll the limitations period. "Ignorance of

---

[1] Metrotop improperly cites the United States Court of Appeals for the Federal Circuit's nonprecedential decision in Janicki Logging Co. v. United States, 124 F.3d 226 (Fed. Cir. 1997) (table), to support its contention that equitable tolling can be applied to cases brought pursuant to the CDA. Federal Circuit Rule 32.1(c) prohibits citing nonprecedential dispositions of the Federal Circuit issued prior to January 1, 2007. Additionally, Janicki does not hold that the doctrine of equitable tolling can be applied to the CDA's statute of limitations period.

[2] Mr. Johnson was not Metrotop's attorney and did not purport to provide Metrotop's attorney with legal advice.

one's rights is not enough to toll the statue of limitations." Id. (citing Dion v. United States, 137 Ct. Cl. 166, 167 (1956)). Metrotop's attempt to blame Mr. Johnson for its own attorney's failure to research whether parties can agree to extend a Congressionally mandated limitations periods does not establish a basis for the application of equitable tolling to this case. Accordingly, equitable tolling should not be applied to suspend the limitations period in this case.

### D. The Government Is Not Equitably Estopped From Raising A Motion To Dismiss For Lack Of Jurisdiction

Finally, Metrotop argues that the Government should be estopped from arguing that Count I should be dismissed as untimely under the doctrine of equitable estoppel. This argument is also without merit. First, as discussed above, the recent Supreme Court holding in John R. Sand states that equitable doctrines cannot be applied to statute of limitations periods which Congress clearly intended to limit the scope of its waiver of sovereign immunity. 128 S. Ct. at 753.

Further, even if the doctrine of equitable estoppel can be applied to this case, Metrotop has failed to establish that the facts of this case warrant the use of equitable estoppel. It is well settled "that the Government may not be estopped on the same terms as any other litigant. Beyond a mere showing of acts giving rise to an estoppel, [the party asserting estoppel] must show affirmative misconduct as a prerequisite for invoking equitable estoppel against the government." Rumsfeld v. United Tech. Corp., 315 F.3d 1361, 1377 (Fed. Cir. 2003) (emphasis in original) (internal citations omitted); see also Conner Brothers Constr. Co. v. United States, 65 Fed. Cl. 657, 692 (2005) (quoting Heckler v. Comm. Health Servs. of Crawford Cty., Inc., 467 U.S. 51, 60 (1984); Zacharin v. United States, 213 F.3d 1366, 1371 (Fed. Cir. 2000)). "A party

seeking to assert the defense of estoppel against the government has 'an extraordinary high burden and must, at a minimum, show affirmative misconduct.'" Data Computer Corp. v. United States, 80 Fed. Cl. 606, 615 (2008) (quoting Wertz v. United States, 51 Fed. Cl. 443, 450 (2002)). "In addition to these requisites, it is an established proposition that estoppel cannot be set up against the government on the basis of an unauthorized representation or act of an officer or employee who is without authority in his individual capacity to bind the government." Conner Brothers, 65 Fed. Cl. at 693 (citing Byrne Org., Inc. v. United States, 287 F.2d 582, 587 (Ct. Cl. 1961)).

Metrotop has failed to meet the high burden placed upon parties asserting estoppel against the Government. The cases cited by Metrotop are not binding on this Court and are distinguishable from this case. GSA did not affirmatively misrepresent the statute of limitations or conceal facts from Metrotop. There is no indication that Mr. Johnson tricked Metrotop into allowing the deadline to pass. The parties discussed the extension, and Metrotop was fully aware of the statute of limitations and could have easily discovered that even agreement by the parties cannot serve to extend it. Equitable estoppel should not be applied solely because Metrotop failed to perform due diligence before waiting to file this action. Further, equitable estoppel should not be applied where, as here, Mr. Johnson lacked authority to extend the statute of limitations set by Congress. See, e.g., W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338 (Fed. Cir. 1983). For these reasons, equitable estoppel should not be applied to bar the Government from asserting that Count I should be dismissed for lack of jurisdiction.

## III. Metrotop Fails To Establish That Count II Was Filed More Than 60 Days After The Contracting Officer Received The Claim

As established in our opening brief, this Court does not possess jurisdiction to entertain Count II of the supplemental complaint because Metrotop did not wait 60 days after GSA received the claim before appealing the agency's decision. Pursuant to 41 U.S.C. § 605(c)(2), a contracting officer must issue a decision or notify the contractor of the time within which a decision will be issued "within sixty day after receipt of a submitted certified claim." A decision must be issued, or the claim deemed denied by the passage of 60 days, before an appeal of the final decision can be filed in this Court. E.g., Scott Aviation v. United States, 20 Cl. Ct. 780, 781 (1990); Sipco Servs. & Marine, Inc. v. United States, 30 Fed. Cl. 478, 484-85 (1994). The passage of time after the filing of an action does not provide the Court with jurisdiction to entertain an appeal of a final decision where it was not present when the claim was filed. Mendenhall v. United States, 20 Cl. Ct. 78, 84 (1990).

While Metrotop focuses its response entirely upon an alleged presumption that the contracting officer must have received the claim because it was mailed, Metrotop does not explain how the letters could have been properly mailed via certified mail if the Postal Service has no record whatsoever of the tracking number allegedly attached to the letter sent to GSA. Exhibit 1 (attached).[3] It is just as plausible that the letters were never in fact mailed, and therefore, never received by the contracting officer or anyone at GSA, or returned to Metrotop.

---

[3] Exhibit 1 attached to this reply brief was obtained using the "Track & Confirm" function on the United States Postal Service website which is readily accessible at http://www.usps.com/shipping/trackandconfirm.htm.

As we previously demonstrated, Metrotop knew the contracting officer had not received the claim when it resent it to GSA on December 13, 2007. Mot. to Dismiss, Ex. 1. Further, there is no indication that Metrotop would have been prejudiced had it waited 60 days from December 13, 2007, before filing suit for the contracting officer to either issue a final decision or for the claim to be deemed denied. Similarly, there will be no prejudice to Metrotop if the Court dismisses the matter without prejudice to afford the contracting officer the time permitted by the CDA to evaluate this claim. This way, especially in light of the strict interpretation of the CDA's statute of limitations, there will be no doubt that if Metrotop elects to appeal the final decision, the issue will be properly before the Court and the parties will avoid expending time and money on litigation which could later be remanded for lack of jurisdiction. Accordingly, Count II of the supplemental complaint should be dismissed without prejudice for lack of jurisdiction.

## CONCLUSION

For these reasons, and the reasons set forth in our motion to dismiss, defendant respectfully requests that the Court dismiss the supplemental complaint.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

June 23, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of June, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN