**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| METROTOP PLAZA ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-811C |
| | ) | |
| v. | ) | (Senior Judge Wiese) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO
SECOND SUPPLEMENTAL COMPLAINT AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Admits that Metrotop Plaza Associates and the United States entered into a lease on August 23, 2008, and admits the allegations contained in paragraph 3 to the extent supported by the referenced lease, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the referenced lease, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in the first sentence of paragraph 5 to the extent

supported by the referenced lease, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 5. The allegations contained in the second sentence of paragraph 5 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits that plaintiff invoiced the Government $2,087.72 and $18,582.58 and that the Government paid $2,087.72 and $18,582.58 to plaintiff; otherwise denies the allegations contained in paragraph 6. Avers that these invoices were not made pursuant to and in accordance with paragraph 3.3(e) of the lease and that payment was not for tax increases for 2002 and 2003 over the base year because the property was not fully assessed until 2003.

7. Admits the allegations contained in paragraph 7 to the extent supported by the referenced letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the referenced letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Denies.

10. Denies.

11. Denies.

12. Defendant denies that plaintiff is entitled to the relief set forth in the unnumbered paragraph immediately following paragraph 11, or to any relief whatsoever.

13. Defendant's responses to paragraphs 1 through 12 of the complaint are

incorporated by reference.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the referenced letter dated October 30, 2007 was not received by the contracting officer until on or about December 13, 2007.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required.

16. Denies the first sentence of paragraph 16. Avers that the contracting officer did not receive the referenced claim until on or about December 13, 2007 and, therefore, did not possess any obligation to issue a decision on the referenced claim within sixty (60) days after October 30, 2007, or shortly thereafter. Denies the allegations contained in the second sentence of paragraph 16 as to what plaintiff "believed" for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in the second sentence of paragraph 16 to the extent supported by the referenced supplemental complaint which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the referenced motion, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the referenced opinion, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to th extent supported by the referenced letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits.

21. Admits the allegations contained in paragraph 18 to the extent supported by the referenced contracting officer's decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Denies that the referenced letter supplemented the claim set forth in the October 30, 2007 letter. Avers that plaintiff did not submit a claim for this invoice pursuant to the Contract Disputes Act to the contracting officer. Admits the remainder of paragraph 22 to the extent supported by the referenced May 19, 2008 letter and invoice, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22. Avers that pursuant to paragraph 3.3 on page 8 of the lease, the Government does not yet have an obligation to make payment for any tax increases for calendar year 2008.

23. Defendant denies that plaintiff is entitled to the relief set forth in the unnumbered paragraph immediately following paragraph 22, or to any relief whatsoever.

24. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSE

This Court lacks jurisdiction to entertain any demand for damages which was not presented to the contracting officer in accordance with the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613, including, but not limited to, a demand for real estate tax escalations for tax year 2008.

DEFENDANT'S COUNTERCLAIM

1. This Court possesses jurisdiction over the Government's counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508, as well as the CDA.

2. On August 23, 2000, plaintiff and the United States executed Lease No. GS-02B-23116 (the "Lease") for 10,688 BOMA rentable square feet of office space and 40 on-site parking spaces located at 111 Wood Avenue South, Iselin, New Jersey (the "Premises"). The Lease commenced on January 15, 2001. A copy of the Lease is attached hereto as Exhibit A.

3. Paragraph 3.3(e) of Section A of the Lease provides that "[t]he Government shall make a single lump sum payment to the Lessor for its share of any increase in real estate taxes during the lease term over the amount established as the base year taxes, or receive a rental credit or lump sum payment for its share of any decreases in real estate taxes during the term below the amount established as the base year taxes."

4. The amount of the payment is determined by an evaluation of notices of a tax credit, all tax bills, all paid tax receipts, or other similar evidence of payment provided by plaintiff to the contracting officer.

5. Paragraph 3.3(b) of Section A of the Lease defines "base year taxes" as "the real estate taxes for the first twelve (12) month period coincident with full assessment."

6. Paragraph 3.3(c) of Section A of the Lease defines "full assessment" as the point when "the taxing jurisdiction has considered all contemplated improvements to the assessed property in the valuation of same. Partial assessments for newly constructed projects or for projects under construction, conversion or renovation will not be used for establishing the Government's base taxes."

7. On February 20, 2002, plaintiff submitted its calculation of the base year taxes for 2001. It calculated the 2001 base year taxes as $213,720.00.

8. On June 24, 2002 and November 19, 2002 plaintiff submitted its calculation for the real estate tax increase due for 2002.

8. The Government made a lump sum payment of $2,087.72 for the 2002 calendar year based upon an increase in taxes from $213,720.00 to $230,249.88 and a Government percentage of occupancy of 12.63 percent.

9. On July 29, 2003 and December 2, 2003, plaintiff submitted its calculation for the real estate tax increase due for the 2003 calendar year.

10. The Government made a lump sum payment of $18,582.57 for the 2003 calendar year based upon an increase in taxes from $213,720.00 to $360,850.39, and a Government percentage of occupancy of 12.63 percent.

11. As part of an independent audit of Government leases, a private auditor determined that the parties had incorrectly established the base year for real estate tax escalations as 2001. The audit found that because plaintiff added a parking garage to the Premises after the commencement of the Lease which increased the assessed value of the Premises, the base year for real estate tax purposes should have been calendar year 2003, not 2001.

12. Pursuant to the audit, the Government sent a letter to plaintiff on July 27, 2006, seeking to recover $20,670.30 from plaintiff, the amount paid for real estate taxes for calendar years 2002 and 2003. The July 27, 2006 letter is attached hereto as Exhibit B.

13. Plaintiff did not respond to the July 27, 2006 letter.

14. On September 1, 2006, the contracting officer issued a final decision which states

that because a parking garage was added to the property in 2003, the Premises were not fully assessed until 2003. Accordingly, the contracting officer's final decision states that the Government erroneously paid Metrotop $20,670.30 for real estate tax escalations for tax years 2002 and 2003. The final decision is attached hereto as Exhibit C.

15. The final decision letter requested that plaintiff contact the Government within sixty (60) days to arrange repayment of the $20,670.30.

16. To date, plaintiff has not repaid any or all of the $20,670.30.

17. To date, the Government has not taken a credit or setoff for any or all of the $20,670.30.

WHEREFORE, defendant respectfully requests the Court to dismiss the supplemental complaint, to enter judgment in favor of defendant upon defendant's counterclaim in the amount of $20,670.30, plus interest as permitted by law, and to grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

September 4, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 4th day of September, 2008, a copy of the foregoing "DEFENDANT'S ANSWER TO SECOND SUPPLEMENTAL COMPLAINT AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN